John Eschbach *vs.* George W. Hurtt, use of Rufus W. Applegarth.

### MALICIOUS PROSECUTION.

*General reputation—Evidence—Reputation among a particular class of persons not admissible—Offers to prove fact without witnesses to sustain offer.*

In an action for malicious prosecution evidence of the bad reputation of the plaintiff among a particular class of persons is inadmissible to show probable cause for the prosecution.

It is not competent for a party simply to make an offer of proof, which he has not witnesses to sustain, and insist upon the Court's deciding the question which the offer raises.

Offers to prove certain facts should be accompanied with the statement that the party making the offer can sustain it by a competent witness, and for the purpose of sustaining it such witness should be produced.

Whether the reasons assigned for a decision are correct or not is immaterial. What the Court of Appeals must determine is the correctness of the decision itself and not of the reasons assigned therefor by the lower Court.

Appeal from the Superior Court of Baltimore City.

This suit was brought in the Superior Court of Baltimore City, on the 11th day of December, 1875, by George W. Hurtt against John Eschbach, to recover damages for the malicious prosecution of Hurtt by Eschbach.

Hurtt was prosecuted on the charges, 1st, of obtaining money under false pretences, and 2nd, for a certain misdemeanor. On both charges the verdict of the jury was, "not guilty;" whereupon he brought suit against Eschbach, the prosecuting witness, alleging injury by said prosecution, 1st, in his credit and reputation, being thereby brought into public scandal and disgrace; 2nd, by being obliged to expend large sums of money in defend-

ing himself and manifesting his innocence, and 3rd, in that he hath been greatly hindered and prevented from transacting his lawful and necessary affairs and business.

The defendant pleaded the general issue; issue was joined by the plaintiff, and the verdict and judgment being for the plaintiff, the defendant appealed.

Defendant's exceptions:

1st. The plaintiff, to sustain the issue joined in this case, offered testimony tending to prove that he carried on the business of selling wood and coal by taking orders at No. 2 North street, in Baltimore City; that he had no wood or coal of his own; and that he had been in that business in said city for some ten years.

He then offered testimony tending to prove the allegations of the *narr.;* he offered no testimony as to his general reputation.

After the plaintiff had closed his case, the defendant offered to produce testimony tending to prove that the plaintiff's reputation for credit was bad, and that his reputation for honesty was bad before the said charge was made against him by the defendant; and for this purpose, witness James Diggs was called, and the following interrogatory was put to him by the defendant:

Do you know the standing of Geo. W. Hurtt for credit and honesty among the men and parties in the same business with him in this commmunity?

To this question, the plaintiff's counsel objected, and the Court sustained the objection, saying that " the gravamen of the action was the false imprisonment of the plaintiff with malice, and without probable cause, and that the averment in the *narr.*, with reference to his good repute, was matter of inducement, and not traversable; the question of character, therefore, was not in issue, and the evidence proposed to be given was inadmissible."

2nd. *Plaintiff's First Prayer.*—If the jury find that the defendant procured the arrest of the plaintiff upon the

charge preferred by him against the plaintiff, under oath, as set forth in the State warrant issued by George McCaffray, a justice of the peace, by virtue of which the plaintiff was arrested and brought before said justice, and compelled to give security for his appearance before Daniel Hagerty, a justice of the peace, to whom his case had been referred, where no one appearing to testify against him, he was acquitted and discharged, if the jury find such acquittal—there being no evidence of probable cause, their verdict should be for the plaintiff, and it is competent for the jury to infer malice from the want of probable cause.—(Granted.)

*Plaintiff's Second Prayer.*—That if the jury shall find for the plaintiff, they are at liberty to take into consideration all the circumstances of the case, and award such damages as will not only compensate the plaintiff for his expenses in the defence of the criminal trial, and for his loss of time, and for the injury to his feelings, person and character by his arrest and imprisonment, but damages as a punishment for such conduct on the part of the defendant.—(Granted.)

To the rulings of the Court, excluding the evidence offered by the defendant, and granting the plaintiff's prayers, the defendant excepted, and the verdict and judgment being against him, he appealed.

The cause was argued before BARTOL, C. J., MILLER, ALVEY and BOWIE, J.

*Wm. H. Cowan,* for appellant.

*F. S. Hoblitzell* and *R. W. Applegarth,* for appellee.

MILLER, J., delivered the opinion of the Court.

This is an action for malicious prosecution, brought by the appellee against the appellant. The declaration avers

in substance, that the defendant falsely and maliciously and without any reasonable or probable cause, charged the plaintiff with having obtained from him four dollars under false pretences, and on this charge, caused him to be arrested, and brought before a justice of the peace, and detained and imprisoned until he was discharged by the magistrate. It then in its allegations respecting damages, avers and charges that by reason of the premises, the plaintiff hath been, and is *greatly injured* in his *credit and reputation*, and brought into public scandal, infamy and disgrace ; that he has suffered great anxiety and pain of body and mind ; that he has been forced to expend large sums of money in defending himself from this accusation and manifesting his innocence ; that he has been greatly hindered and prevented from following and transacting his lawful necessary affairs and business, and hath been and is otherwise greatly injured in his credit and circumstances. The plea was *non cul.*, and at the trial, a single exception was taken to the rejection of evidence, which was offered on the part of the defendant.

The question which the defendant's counsel insist that this exception presents, and which they have argued with great ability is, whether under the *declaration in this case*, and the issue joined on the plea of not guilty, evidence of the *bad reputation* of the plaintiff for honesty and integrity is admissible, either as tending to show probable cause, or in mitigation of damages ? The exact question thus discussed, has never been expressly adjudicated in this State, and it must be conceded that elsewhere there is much conflict of authority upon the subject. But we do not propose to review the numerous cases that have been cited in argument, nor to express any opinion as to the admissibility of such evidence, because in our judgment, that question is not presented by the ruling of the Superior Court, to which the defendant excepted. We may observe, however, that the present state of the Eng-

lish adjudications on this subject, is thus laid down in *Addison on Torts,* (*4th Eng. Ed.,*) 767 ; " when the plaintiff in his declaration avers that up to the time of the prosecution by the defendant, he had borne a good character, and *claims damages for injury to his character,* it may be shown on cross-examination of the plaintiff's witnesses, that he was at the time a man of *notoriously bad character.* But where the plaintiff does not in his declaration claim damages in respect of injury to reputation, general evidence of the plaintiff's character is inadmissible. Such general evidence affords no proof of probable cause for a prosecution."

But as we have said the question is not raised by the exception, and this we shall proceed to show. The record states that the plaintiff, to sustain the issue joined on his part, offered testimony tending to prove that he carried on the business of selling wood and coal by taking orders at No. 2 North street, in Baltimore City, but owned no wood and coal of his own, and that he had been engaged in the business for some ten years : he then offered testimony tending to prove the allegations of the declaration but offered no testimony as to his general reputation. After the plaintiff had closed, the defendant offered to produce testimony tending to prove that the plaintiff's reputation for *credit* was bad, and that his reputation for *honesty* was bad before the said charge was made against him by the defendant, and *for this purpose* called James Diggs as a witness, and put to him this question, " Do you know the standing of George W. Hurtt for credit and honesty among the men and parties *in the same business with him in this community ?*" *To this question* the plaintiff's counsel objected *and the Court sustained the objection.* The Judge then proceeded to give his reasons for this ruling sustaining the objection to this question, and said the " gravamen of the action was the false imprisonment of the plaintiff with malice and without probable cause, and that the averment

in the *narr.* with reference to his good repute, was matter of inducement and not traversable; the question of character therefore was not in issue, and the evidence proposed to be given was inadmissible.'' The defendant then (as the exception states) through his counsel *excepted to the Court's ruling*, and the exception was duly signed. Now whether the reasons which the Court gave in support of the *ruling excepted to* were erroneous or not is wholly immaterial. What this Court must determine is whether the testimony offered was admissible, and not whether a right or wrong reason was assigned for its rejection. What then was the testimony actually offered and rejected? It was simply an offer to prove by the witness, Diggs, then on the stand, (if he could have so testified,) that the plaintiff's reputation for credit and honesty among those in the *same business* with him in the City of Baltimore was bad. To the question by which it was sought to elicit from the witness this testimony the plaintiff objected, and it was this objection which the Court sustained. The sustaining of this objection and the refusal to allow this question to be put to the witness was the *ruling* which the Court was called upon to make and did make, and to which the defendant excepted and which alone is before us for review. But it is clear that evidence of the plaintiff's bad reputation *among a particular class of persons* is not admissible in such an action. No case can be found to sustain the admission of such testimony. None of the decisions go further than to say that the *general bad reputation* or the *notoriously bad character* of the plaintiff may be admitted.

We must therefore affirm this judgment whatever may be our opinion upon the general question argued at bar. If the defendant had at the trial witnesses who could have proved the plaintiff's *general* bad repute or *notoriously* bad character, for honesty or integrity before he made the criminal charge against him, it was his duty to have called them, or one of them, to the stand and propounded

Eschbach *vs.* Hurtt, use of Applegarth.

appropriate questions for the purpose of eliciting such proof, and then upon objection made and sustained by the Court and an exception taken, the question would have been presented for review in this Court, and it would have been a *real and substantial* question in the cause. But if he had no witnesses really so to testify he was not injured by the opinion the Court expressed, even though it were erroneous and the subject of an exception. It was not competent for him simply to make an offer of proof which he had no witnesses to sustain, and insist upon the Court deciding the question which that offer raised, for that would be invoking from the Court below and from this Court a decision upon a mere moot question. If such a practice were allowed it would be quite possible for a party *without having any witnesses at all to the point*, to raise any controverted or difficult question as to the admissibility of evidence, which the cause on trial admitted of, and obtain a reversal of the judgment against him, if the Court below should, in the opinion of this Court have ruled erroneously on such a question. Nor was it competent for the defendant, as the exception shows was the case, to make an offer of proof, without stating he could sustain it by a competent witness, and *for the purpose of sustaining it*, produce a witness who could only prove quite a different thing and whose testimony was clearly inadmissible, and then because the Court rejected the testimony of such a witness, complain that besides rejecting it the Court expressed an opinion that the proof contained in such general offer would be inadmissible even if witnesses should be called who could support it by their testimony. We should therefore be compelled to affirm this judgment, even if we were of opinion that under this declaration, and on the issue joined on the plea of not guilty, evidence of the *general bad reputation* of the plaintiff was admissible.

*Judgment affirmed.*

(Decided June 15th, 1877.)