Opinion by
Watts, J.
§ 821. Malicious prosecution; evidence of bad character- of plaintiff in such suit, admissible in mitigation of damages; case stated. Dunn sued Cole for damages for false imprisonment, alleging that Cole had caused him to be arrested and imprisoned on charges of theft, adultery and fornication. Cole was permitted on the trial to introduce evidence of the plaintiff’s bad character. The trial resulted in a verdict and judgment for Cole, the defendant. Held: There were no allegations in plaintiff’s petition of damage to his character, and no recovery upon that ground was sought by him; therefore it was not permissible to show his bad character as proof of probable cause. However, it seems to be settled that such evidence is admissible in mitigation of damages. [1 Whart. Ev. §§ 47, 54.] But such evidence must be as to his bad reputation in general, and not as to such reputation among persons of a particular class. [Erchbach v. Applegarth, 47 Md. 61.]
*726 May 29, 1885.
§ 822. Malice; evidence to show absence of, held admissible. It was iiot error to admit the evidence of the county attorney as to appellee’s statements to him of the supposed violations of the penal laws of the state by appellant. The question whether appellee made to the county attorney a full and fair statement, and acted bona fide and without malice in instituting the prosecutions against appellant, was for the determination of the jury, and this evidence was relevant and admissible to show that appellee acted in the matter without malice. [Cooley on Torts, § 183; 3 Sutherland on Dam. 708; 4 Wait’s Act. & Def. 339.]
§ 823. Same; evidence not admissible; defendant not permitted to testify that he acted without malice. Appellee, while testifying in the case in his own behalf, was asked by his counsel: “ Were you actuated by malicious motives in making the affidavits? ” alluding to the affidavits made by appellee charging appellant with said offenses. Appellant objected to this question upon the ground that it called for the conclusions of the witness. The objection was overruled, and the witness answered “none whatever.” The ruling of the court admitting this evidence is presented by bill of exception and assignment of error. The evidence was clearly inadmissible. As remarked in Gabel v. Weisman, 49 Tex. 142: “Very evidently, the question asked was not to any distinct intelligible fact, but sought to elicit from the witness his •inference or conclusion involving his correct understanding of the meaning of the word malice in such a connection.” [See, also, ante, § 84.] It cannot be determined that no injury resulted to appellant from the admission of this improper evidence.
Reversed and remanded.