# SCOTLAND COUNTY *v.* HILL.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
EASTERN DISTRICT OF MISSOURI.

Argued October 21, 22, 1884.—Decided November 10, 1884.

The judgment of a State court in Missouri adverse to the validity of bonds issued by a county in that State in payment of the subscription to stock in a railroad company, which judgment was made in a suit brought by citizens and tax-payers against county officers in order to enjoin the issue of the bonds, and to have them declared invalid, is a binding adjudication in a suit against the county by a holder of the bonds who took with notice of the pendency of the suit. The fact that this court, in another case, on a different state of facts held the issue to be valid does not affect this result.

An offer of proof being made and rejected, and exceptions duly taken, the appellate court must, in the absence of an indication in the record of bad faith in the offer, assume that the proof could have been made if allowed.

This action was brought to recover on bonds of the same issue sued upon in *County of Scotland* v. *Thomas*, 94 U. S. 682. It differs from that case in this: The fourth plea avers that after the bonds, from which the coupons sued for were cut, had been executed by the officers of the County Court, they were placed in the hands of Charles Metz, as trustee of the county; that on the 11th of September, 1871, while they were in his hands, Levi Wagner and other citizens and tax-payers of the county brought a suit against him, the justices of the County Court, the treasurer of the county, and the Missouri, Iowa and Nebraska Railway Company, in the Circuit Court of the county, the object and purpose of which was to enjoin Metz from delivering the bonds to the railroad company, and to have them declared void and cancelled for want of authority in the county to subscribe to the stock of the company; that all the defendants were served with process and appeared in the suit; that a preliminary injunction was allowed as prayed for; and that, upon final hearing, a decree was rendered, which was afterwards affirmed by the Supreme Court of the State, declaring the bonds void for want of authority in the county to sub-

scribe to the stock of the railroad company, and directing that they be delivered up for cancellation. The plea then further avers that Metz delivered the bonds to the railroad company after this suit was begun and after the preliminary injunction was granted, and that Hill, the plaintiff, and all the persons who have ever held the coupons sued for, took them without giving value therefor, "and with full actual notice of every fact" in the plea set forth. Issue was taken on this plea, and at the trial the county offered in evidence the record in the Wagner suit. To the introduction of this evidence the plaintiff objected, "on the ground that the bonds were delivered to the railroad company before any injunction was issued, and that the bond is a legal act of the county and valid in anybody's hands." This objection was sustained. The county then offered in evidence, after due proof of execution, a bond executed by the railroad company to Metz on September 21, 1871, to indemnify him "against all damages, costs, expenses, &c., which the said Metz, as trustee of the county of Scotland aforesaid, . . . may incur by reason of certain injunction suits now pending in the Scotland County Circuit Court, or by reason of any petition for injunction which may be filed before Judge E. V. Wilson, in Clark County, Missouri, on September 22, 1871." This was objected to, and the objection sustained.

The defendant then "offered to prove by Charles Metz, the agent named in the pleadings, that he had actual notice of the pendency of the aforesaid suit of *Levi Wagner et al.* v. *Metz et al.*, at the time he delivered the instruments (described in the defendant's pleading) to the Missouri, Iowa and Nebraska Railway Company, and offered to prove that the Missouri, Iowa and Nebraska Railway Company, and each subsequent holder, received the instruments referred to in the plaintiff's petition with actual notice of the pendency of the aforesaid suit . . . as set up in the fourth count of this answer." This was also objected to and the objection sustained. To all these rulings excluding testimony exceptions were duly taken, and error is assigned here thereon.

*Mr. Henry A. Cunningham* for plaintiff in error.

*Mr. F. T. Hughes* (*Mr. A. J. Baker* was with him) for defendant in error.

Mr. Chief Justice Waite delivered the opinion of the court. He stated the facts in the foregoing language, and continued:

All the rejected evidence was, in our opinion, improperly excluded. The decree in the Wagner suit was set up as a bar to the action, on the ground that the liability of the county for the coupons was *res judicata* between the parties. The suit, although brought by citizens and tax-payers of the county, was, in effect, the same as though brought by the county itself to test the validity of the subscription which had been made to the stock of the company and the power of the County Court to bind the county to pay the bonds which it was proposed to issue for the subscription. The county was itself a party through the justices of the County Court, which, in Missouri, is the governing board and represents the county in all such matters. The whole purpose of the suit was to keep the bonds from the market as commercial paper, and to have them cancelled. The suit was about the bonds and the liability of the county thereon. The decree was in accordance with the prayer of the bill, and certainly concluded both Metz and the railroad company. After the rendition of this decree the company could not sue and recover on the bonds, because, as between the company and the county, it had been directly adjudicated that the bonds were void and of no binding effect on the county. But it is equally well settled that the decree binds not only Metz and the company, but all who bought the bonds after the suit was begun, and who were chargeable with notice of its pendency or of the decree which was rendered. The case of *County of Warren* v. *Marcy*, 97 U. S. 96, decides that purchasers of negotiable securities are not chargeable with *constructive* notice of the pendency of a suit affecting the title or validity of the securities; but it has never been doubted that those who buy such securities from litigating parties, with *actual* notice of the suit do so at their peril, and must abide the result the same as the parties from whom they got their title. Here the offer was to prove *actual* notice, not only to the plaintiff when he bought,

but to every other buyer and holder of the bonds from the time they left the hands of Metz, pending the suit, until they came to him. Certainly if these facts had been established, the defence of the county, under its fourth plea, would have been sustained, and this whether an injunction had been granted at the time the bonds were delivered by Metz or not. The defence does not rest on the preliminary injunction, but on the final decree by which the rights of the parties were fixed and determined.

It is claimed, however, that error cannot be assigned here on the exception to the exclusion of the oral proof, because the record does not show that any witness was actually called to the stand to give the evidence, or that any one was present who could be called for that purpose, if the court had decided in favor of admitting it, and we are referred to the cases of *Robinson* v. *State*, 1 Lea (Tenn.) 673, and *Eschbach* v. *Hurtt*, 47 Md. 61, 66, in support of that proposition. Those cases do undoubtedly hold that error cannot be assigned on such a ruling unless it appears that the offer was made in good faith, and this is in reality all they do decide. If the trial court has doubts about the good faith of an offer of testimony, it can insist on the production of the witness, and upon some attempt to make the proof before it rejects the offer; but if it does reject it, and allows a bill of exceptions which shows that the offer was actually made and refused, and there is nothing else in the record to indicate bad faith, an appellate court must assume that the proof could have been made, and govern itself accordingly.

It is evident, from the whole record, that the court below proceeded on the theory that the decree in the Wagner suit could not conclude the plaintiff, and that consequently it was a matter of no importance whether he had notice of the pendency of the suit or not. In our opinion, the error began with the exclusion of the record in that suit. As notice of the pendency of the suit was, however, necessary to bind the plaintiff by the decree, proof of that fact was offered, so that the question as to the effect of the decree upon this suit might be properly presented for review if deemed advisable. The court below seems not to have doubted the good faith of the offer, and so ruled against it without first requiring the defendant to

produce his witnesses and show his ability to furnish the testimony if allowed to do so.

It is a matter of no importance whether the decision in the Wagner suit was in conflict with that of this court in *Scotland County* v. *Thomas, supra,* or not. The question here is not one of authority but of adjudication. If there has been an adjudication which binds the plaintiff, that adjudication, whether it was right or wrong, concludes him until it has been reversed or otherwise set aside in some direct proceeding for that purpose. It cannot be disregarded any more in the courts of the United States than in those of the State.

Without considering any of the other questions which have been argued, we reverse the judgment and

*Remand the cause for a new trial.*