## STATE v. ADAMS.

Defendant was convicted of rape on a female under the age of 16 years, and his application for a new trial was denied; but inasmuch as the evidence showed that the female was more than 16 years old at the time when the offense was alleged to have been committed, the court on its own motion arrested the judgment, and ordered defendant to be held in custody for 10 days, during which a second information was filed against him, charging the same offense, with the exception that the date of the commission of the offense was earlier. *Held,* that a plea of former jeopardy should be sustained, in view of Const. Art. 6, § 9, providing that "no person shall * * * be twice put in jeopardy for the same offense."

(Opinion filed February 23, 1899.)

Error to circuit court, Beadle county. Hon. A. W. CAMPBELL, Judge.

Frank Adams was convicted of rape, and he brings error. Reversed.

*A. W. Wilmarth* and *W. A. Lynch,* for plaintiff in error.

*John L. Pyle,* attorney general, and *H. S. Mouser,* state's attorney, Beadle county, for defendant in error.

FULLER, J. Upon a plea of not guilty, and a valid information charging Frank Adams with the crime of rape, accomplished on the 30th day of August, 1896, with a female under the age of 16 years and not the wife of the perpetrator, a trial was had at the March, 1898, term of the Beadle county circuit court, which resulted in a verdict of guilty. The court, having first denied defendant's application for a new trial, arrested the judgment upon its own motion, and ordered the defendant to be held in custody 10 days, for the purposes of such further criminal proceedings as might be instituted against him. This

action was evidently prompted by the fact that the prosecuting witness was shown to be over the age of 16 years on the 30th day of August, 1896, the date charged in the information as the time when the offense was committed, and the evidence was therefore considered not of a character to justify a conviction. To a later information for the same offense, charged in identical language, excepting the date of perpetration, which is changed to December 20, 1895, the accused entered a plea of former jeopardy, which was overruled, and a second trial was had, resulting in another verdict of guilty as charged; and a writ of error to the circuit court brings the case here for review.

Confronted in the first instance with an information sufficient in form and substance to admit evidence ample to sustain a conviction, plaintiff in error entered a plea of not guilty before a court of competent jurisdiction, in which he was tried and found guilty by a legally impaneled jury, whose verdict stands a complete bar to another prosecution for the same offense, to maintain which the same testimony is relied upon. To protect individual rights, and inculcate the principles of natural justice, by which the citizen is shielded from repeated prosecutions for the same offense (an immunity as sacred as the right of trial by jury), constitutional framers, both state and federal, have wisely limited the exercise of governmental power by adopting the following personal liberty maxim of the common law: "No person shall * * * be twice put in jeopardy for the same offense." Const. Art. 6, § 9. Had judgment been arrested at the instance of the accused, or for defects appearing upon the face of the information, a question not here presented would require attention; but upon the record before us we deem argu-

ment and the citation of authority unnecessary to show an instance of former jeopardy in every constitutional sense, and a case clearly within the universally acknowledged rule. For the reasons stated, the case is reversed and remanded, with the direction that the plaintiff in error be discharged from custody.