STATE v. IRWIN.

Under Rev. Code Cr. Pro. §§ 299, 300 providing that an issue of fact, which must be tried by the jury, arises on a plea of former acquittal, it is error for the court to pass on the evidence on such plea without submitting it to the jury.

(Opinion filed Nov. 11., 1903.)

Error to circuit court, Brookings county. Hon. JULIAN BENNETT, Judge.

G. Lee Irwin was convicted of violation of the liquor law, and brings error. Reversed.

*John C. Jenkins,* for plaintiff in error.

*Philo Hall,* Atty. Gen., and *Walter M. Cheever,* State's Atty., for the State.

FULLER, J. Plaintiff in error was charged in four separate and distinct informations with the offense of unlawfully engaging in the business of selling intoxicating liquors at retail. These four informations were filed at the same time, and are numbered consecutively 11, 12, 13, and 14, and allege successive sales at the same place, but on different days, as follows, September 22d, 23d, 27th, and 24th of the year 1902. Before the trial of this case, under information No. 12, a demurrer was interposed and sustained to information No. 13,

which charges that the offense was committed on the 27th day of September, 1902, and judgment was entered acquitting the defendant and exonerating his bondsmen. He had also been tried to a jury under information No. 11, and found not guilty of the offense therein alleged to have been committed on the 22d day of September, 1902. Omitting formal averments, information No. 12, under which the accused was convicted, charges that "G. Lee Irwin, late of the said county of Brookings, on the twenty-third day of September, one thousand nine hundred and two, did commit the crime of unlawfully engaging in the business of selling intoxicating liquors at retail without license, which crime was committed as follows, to-wit: That said G. Lee Irwin, defendant herein, late of the said county of Brookings, on the twenty-third day of September, in the year of our Lord one thousand nine hundred and two, at the city of Brookings. in the county of Brookings, in the state of South Dakota aforesaid, was then and there a person whose business in part consisted in selling intoxicating liquors at retail, and said G. Lee Irwin was then and there unlawfully engaged in and did then and there unlawfully engage in the business of selling at retail brewed and malt intoxicating liquors, to-wit, lager beer, at retail, in quantities of less than five gallons at one time, without first having paid the license to said county of Brookings or the treasurer thereof, as required by section 2834 of the Revised Political Code, said G. Lee Irwin not having paid any license to any township, precinct, town. or city within said county of Brookings, and said G. Lee Irwin not having any receipt or notice of such license posted up in the place where such liquors were kept, as required by the statute; said liquor not being proprie-

tary patent medicines." The action of the trial court in over-ruling the following demurrer to this information is assigned as error: "Said information does not substantially conform to the requirements of law, in that it does not state what license required by section 2834 of the Revised Political Code has not been paid, and 'it does not charge that the defendant is or is not a traveling salesman who solicits orders by the jug or bottle in quantities of less than five gallons; that the facts set forth in said information do not constitute a public offense."

Section 2834 of the Revised Political Code, authorizes the county treasurer to issue a $400 license to persons whose business in whole or in part consists of selling or keeping intoxicating liquors for sale at retail, and a $200 license to retail traveling salesmen who solicit orders by the jug or bottle in lots of less than five gallons. It is needless to allege that the defendant was not a traveling salesman soliciting orders by the jug or bottle in quantities of less than five gallons, when it so clearly appears that he was engaged in the retail business of selling without a license at a place specified, and without having the receipt or notice posted up in his place of business, as required by statute; and the fact that the penalty upon conviction in each instance is identical renders forceless all argument in favor of the demurrer, which was rightfully overruled.

Section 2838 of the Revised Political Code provides that: "If any person or persons shall engage or be engaged in any business requiring the payment of license under section 2834 without having paid in full the license required by this article, and without having the receipt and notice for such license posted up as required by this article, or without having made, executed and delivered the bond required by this article, or

shall in any manner violate any of the provisions of this article, such person or persons shall be deemed guilty of a misdemeanor. * * * Each violation of any of the provisions of this article shall be construed to constitute a separate and complete offense, and for each violation on the same day or on different days, the person or persons offending shall be liable for the penalties and forfeitures herein provided and be precluded and debarred from continuing or engaging in any business requiring the payment of a license under this article as aforesaid." The informations before us, being all based on section 2838, the recital in one of them that the accused is a registered pharmacist is mere surplusage, and the three are in every material respect precisely alike, except in the statement of the time when the respective offenses were committed. The statute authorizing a registered pharmacist owning and conducting a pharmacy to sell spirituous or vinous liquors for medicinal, mechanical, scientific, and sacramental purposes only, and expressly prohibiting the selling or giving away of any intoxicating liquors whatever to be used as a beverage, is no protection to a registered pharmacist who sells beer at retail as a beverage without a license, and the court was fully justified in denying the offer to show that plaintiff in error belonged to that class.

Relying upon the judgment of acquittal entered on demurrer and the verdict of not guilty returned by the jury after this trial had commenced, the plea of former acquittal was interposed in bar of the prosecution to support which the proper records of the court and minutes of the trial were offered in evidence, and their rejection is assigned as error. Although it was the intention of the Legislature to make proof of a

single sale in willful violation of the act sufficient to justify a jury in finding the accused guilty of the offense of engaging in the business unlawfully, further prosecutions may be precluded by putting in evidence all known violations of the statute and relying upon the same for a single conviction. In order to sustain the issue raised by the plea of formal acquittal, it was necessary to introduce the record of former proceedings, and show by competent testimony that evidence of the transaction described in the pending information was there received and disposed of by the verdict of not guilty; or that the sale for which he is now being prosecuted is the identical act relied upon in the information to which the demurrer was sustained and upon which a judgment of acquittal was entered. The objection to the form and substance of the information alleging the sale of September 27th being adjudged well taken, no testimony of that transaction was there introduced, and the judgment on demurrer operates merely to acquit the defendant of the offense charged in such information. Under a statute which makes each violation, whether on the same or different days, a separate and complete offense, rendering the perpetrator liable for the penalties and forfeitures therein provided, it cannot be said without further proof that an acquittal or conviction under an information designating a certain day is a bar to all prosecutions for similar violations of the law by the same person at a different time or on other days. When proof of the offense charged in the information under which the accused is on trial might have sustained a conviction on a former trial under a different information, it is only necessary, in order to avoid the plea of former jeopardy, to show by sufficient testimony that a different transaction was solely relied upon in that

case, and that no other testimony tending to prove the case on trial was there introduced.   Maxwell's Criminal procedure, 518; Granting that proof of only such sales as were made on September 22d or September 27th would have been sufficient to sustain a verdict of guilty as charged in the information before us, alleging that the accused unlawfully engaged in the business by selling beer on the 23d day of September, such violations of the statute do not constitute offenses necessarily included in this offense, or bring the point within the limitations of section 290 of the Revised Code of Criminal Procedure, which has no application to prosecutions under the statute by which this case is controlled.

In disposing of the question which arose in a prosecution for the violation of a statute similar to ours, the Michigan court says: "He must prove that the former acquittal or conviction is for the same offense now complained of.   *   *   * It is true that in a prosecution charging the offense as having been committed on a particular day the proof need not be limited to that precise day, and the prior prosecution would bar a prosecution for any offense which came within the proof offered by the prosecution on the prior trial; but beyond this the rule could not be extended."   People v. Gault (Mich.) 62 N. W. 724.   Judge BREWER says:   "A plea of guilty is an admission of guilt as to only one offense, and not as to two or more; and we apprehend the rule to be that where, prima facie, the two complaints charge distinct offenses, a conviction under one is no bar to a prosecution under the other without proof *aliunde* that the same transaction is complained of in the two actions.   *   *   *   We note the expressions referred to by counsel in many authorities that

17 S. D.—25

a conviction or acquittal is a bar to subsequent prosecution, not merely for the specific offense charged, but also for all embraced in or provable under the first indictment or information. But such expressions must be construed in reference to the facts and questions presented in the case where the expressions occur. Thus a charge of murder includes manslaughter and assault. Of course, an acquittal on the charge of murder is a bar to prosecution for manslaughter as to the same homicide. The latter offense was provable under the first charge. Again, some offenses, such as murder, are incapable of repetition. Again, in many of the cases the identity of the acts done was not in dispute, but merely a question as to the character of the offense. In many of these cases there are doubtless expressions accurate enough in reference to the questions therein, but which would not be appropriate to this case, and would, if used, state the law incorrectly. State v. Shafer, 20 Kan. 226.

This court has gone no further than to hold that the prosecution must be for the same offense, to maintain which the same testimony is relied upon, in order to constitute a complete bar to another information. State v. Adams, 11 S. D. 431, 78 N. W. 353. Upon being denied the right to place before the jury in an orderly manner the record of all prior proceedings under the two informations which had been disposed of, counsel for the accused offered to prove; in accordance with his theory of the defense, that plaintiff in error had been tried and found not guilty of the offense with which he now stands charged; but the court denied the offer, and rejected all testimony submitted in support of the plea of former acquittal, for the obvious reason that counsel had admitted that in the information under

which the accused had been acquitted by the jury it was alleged that the offense was committed on September 22d instead of September 23d, the date of the offense charged in the pending information. The court not only admitted proof of numerous sales made between September 23d, and November 8th of that year, but upon its own motion called counsel for the prosecution, who testified as follows: "There was no evidence whatever offered except as to the 22d day of September, 1902. The evidence introduced on the trial of that case was confined strictly to sales and engaging in the business of selling beer by the defendant on the 22d day of September, 1902. I further state that no evidence has been offered in this case as to engaging in the business of making any sales in the present case upon September 22, 1902, or before that time. The evidence in this case has been confined entirely to either September 23d, 1902, or subsequent to that date and prior to November 8, 1902." After frequent renewals and rejections of the offer to prove former jeopardy, the court made the following, among other, elaborate statements to the jury: "Let the record show that it appears to the satisfaction of the court: First. That information No. 11 charges the defendant with engaging in the business of selling intoxicating liquors at retail without having procured a license, upon September 22, 1902. Second. That all of the evidence that was offered and received upon the trial of such information No. 11 was evidence as to the defendant engaging in the business as alleged upon September 22, 1902. Third. That upon such trial there was no evidence whatever offered with respect to sales of intoxicating liquor or the defendant engaging in the business upon any other day except September 22, 1902; that the only evidence received upon the

trial of this case now on trial is evidence relating to the charge against the defendant of having committed the offense upon September 23, 1902, and evidence of sales made subsequent to September 23d, as going to show that the sales made upon September 23d were not spasmodic or isolated sales, but sales made in the course of his being engaged in the business of selling lager beer at retail without a license, and that the information in question charges a different and distinct offense against the defendant. Further than this, that the evidence upon these two trials has been kept separate and distinct; that under information No. 11 having been confined exclusively to one day, to wit, September 22, 1902, and that on information No. 12 having been confined to the charge made as to sales on the 23d day of September, 1902, and days subsequent thereto, as tending to show the character of the sales made upon September 23, 1902. The offer made by the defendant is, for the above reasons denied." The court thereafter charged, in legal effect, that the plea of former acquittal had failed for the want of proof; that evidence of sales made subsequent to September 23d was admitted for the purpose of showing that upon such date the accused was engaged in the business of selling beer at retail without a license, and that the burden of proof was upon the defendant to show that he had, on or before the date charged in the information, obtained the license required by statute. The offer of testimony was evidently made in the honest belief that it tended to support the issue of fact raised by the plea of former jeopardy, and it is not within the power of the court to take such issues from the jury. Sections 299, 300, Rev. Code Cr. Proc. "Nor can the consent of the defendant confer upon the court jurisdiction to try the issue without a jury." 9 Encyc. of Pl. & Pr. 639.

Were it to be assumed that the evidence offered on the part of the defendant was rightfully rejected, it would still be the exclusive province of the jury to determine the weight and credibility of the testimony introduced by the state, and it was error to give the following instruction: "With respect to the defendant's plea and answer that he has formerly been acquitted of this same charge, I will say to you that there has been no proof offered and received in evidence in this case showing that the defendant has been tried or acquitted upon the same charge upon which he is now being tried." In a criminal case it is not for the court to determine the sufficiency of the evidence, and when an offer of proof is made the following rule should usually be observed: "If the trial judge has doubts about the good faith of an offer of testimony, he may insist upon the production of the witness and upon some attempt to make the proof before he rejects the offer; but if he does reject it, and allows a bill of exceptions which shows that the offer was actually made and refused, and there is nothing else in the record to indicate bad faith, an appellate court must assume that the proof could have been made, and govern itself accordingly." Jones on Evidence, 897. Regardless of the state of the record, it must be assumed, under such circumstances, that the proof could have been made if the offer had been allowed. Scotland County v. Hill, 112 U. S. 183; 5 Sup. Ct. 93; 28 L. Ed. 692. Of the offense charged the accused is presumed to be innocent, and by proof beyond a reasonable doubt the burden is upon the state to establish the fact that he not only sold intoxicating liquor, but that the sale was made without a license. "The plea of not guilty puts in issue every material allegation of the indictment or information." Section 286, Rev. Code Cr. Proc.

As the written application for a license to sell must be filed with the county auditor, and the required sum, denominated a license, must be paid in advance to the county treasurer, who merely receipts therefor, and delivers to the applicant a notice containing a statement of what license has been paid, together with certain recitals as to the penalty for selling in violation of law, and such notice and receipt must be posted in the room where the liquor is sold, it is clear that the subject-matter is peculiarly within the knowledge of the state, and there is no reason why the prosecution should not establish the essential ingredients of the offense by proof that the sale was made without a license. In State v. Nye, 32 Kan. 201, 204; 4 Pac. 134, 136, the court say: "Where an information charges a defendant with unlawfully selling intoxicating liquors without having a permit therefor, it is incumbent upon the prosecution to prove by competent evidence that the defendant had no permit at the time of the commission of the alleged offense, in order to sustain a verdict of guilty." From page 342 of Wharton's Criminal Evidence we quote as follows: "When the nonexistence of the license is not averred in the indictment, and when the license is particularly within the knowledge of the party holding it, the burden is on him to produce such license in all cases in which the existence of the license is in question. On the other hand, when the nonexistence of the license is averred in the indictment, and is essential to the case of the prosecution, it is proper, if we follow the rules already announced, to hold that nonlicense must be proved by the party to whose case such proof is essential." It was held in a civil action (Lisbon v. Lyman, 49 N. H. 553) that: "When the payment of all taxes duly assessed is an essential ingredient of a

pauper settlement, the party affirming the settlement has the burden of proof and must show either that taxes were not assessed or that taxes were paid.   This burden of proof is not charged by the subject-matter being peculiarly within the knowledge of the other party, or by the convenience or inconvenience of furnishing evidence." To the point that, in any event, the state must produce presumptive evidence, at least, and make out a prima facie case that the defendant had no license, we cite the following cases, Hepler v. State (Wis.) 16 N. W. 42; Commonwealth v. Thurlow, 24 Pick. 274: Mehan v. State, 7 Wis. 670.

After the state had shown by the positive and undisputed testimony of different witnesses that on the 23d day of September, 1902, plaintiff in error sold beer to a number of persons at his place of business on Main street, in the city of Brookings, it was error to allow the prosecution to resort to leading and suggestive questions in order to prove subsequent alleged violations of the statute, including the sale of September 27th, for which the accused had been previously acquitted.

For the reasons stated, the judgment of the court below is reversed, and a new trial granted.

CORSON, J. (concurring specially.) I concur in the reversal of the judgment in this case on the ground that the learned trial court erred in hearing the evidence as to the issue of former acquittal without the intervention of the jury, and in refusing to submit that issue to them. State v. Kieffer 17 S. D. 67, 95 N. W. 289. Upon the other questions discussed by Mr. Justice FULLER I express no opinion.

HANEY, P. J. I concur merely in the conclusion that the judgment of the circuit court should be reversed.