## STATE v. BARNES.

The defendant was indicted, jointly with two other defendants who pleaded guilty, for the larceny of two horses, it appearing that he had received and paid for seven horses stolen by the other defendants on the same night, five from one owner and two from a different owner at another place; the state claiming such delivery to defendant under a plan between all of the defendants. Defendant pleaded a former acquittal upon an indictment charging theft from the owner of the five horses. The evidence and the testimony as to a conversation claimed to connect the defendant with the theft were identical with that in the trial on the former indictment. **Held,** that under the provisions of the Constitution against double jeopardy, section 281, Code Cr. Proc., allowing a plea of former conviction or acquittal of "the offense charged," and section 290 Code Cr. Proc., making a former conviction or acquittal a bar to an indictment for "the offense charged" in the former indictment, the offense charged by this indictment was a distinct offense, to which the former acquittal was no bar.

Where on the same expedition there are several distinct larcenous takings, as taking the goods of one person at one place, and afterwards taking the goods of another at another place, as many crimes are committed as there are distinct takings.

Where the instructions in a criminal trial were full and ample, and fairly presented all the matters sought by appellant's requested instructions which were refused, there was no error.

(Opinion filed October 4, 1910.)

Appeal from Circuit Court, Stanley County. Hon. W. G. RICE, Judge.

Tom Barnes was convicted of grand larceny, and he appeals. Affirmed.

*Gaffy & Stephens,* for appellant. *S. W. Clark, Atty. Gen.,* and *J. H. Johnson, State's Atty.,* for the State.

WHITING, P. J. Defendant was indicted jointly with one Oakes and one Zigler, and by said indictment charged with the crime of grand larceny, to-wit, with the theft of two horses belonging to one Muhlhausen. Oakes and Zigler pleaded guilty to

the charge.  Barnes pleaded not guilty, and also pleaded two
former acquittals of charges against him in bar.  The issues on
all the pleas having been submitted to the jury, it returned a ver-
dict against the defendant on all the pleas.  A new trial was
denied defendant after judgment rendered on the verdict, and de-·
fendant has appealed from such judgment and order denying a
new trial.

A large number of assignments of error are found in the
record; the most important questions under such assignments
relating to the pleas of former acquittal.  It appears undisputed
that Oakes and Zigler on a night in the early part of December,
1908, stole five horses out of the pasture of one Devine, and that
later during the same night, and at a place some five miles distant
from the Devine pasture, they stole the two horses with the theft
of which they and defendant are charged in the information in
this case.  It is the claim of the state that these thefts were in
furtherance of a plan between Oakes and Barnes, under which
plan Oakes was to steal horses and turn them over to Barnes for
disposal.  It appears that these seven horses were stolen near
Ft. Pierre, in Stanley county, and within a couple of days there-
after delivered into the possession of Barnes at Forest City, in
Potter county.  It is the claim of the state that this delivery was
in furtherance of the plan between Oakes and Barnes, and that,
upon such delivery, Barnes paid Oakes and Zigler $100, and
agreed to pay them $50 more.  It was the claim of Barnes that
he purchased said horses of Oakes and Zigler for $280 in ignor-
ance that they were stolen, and he further denied the existence of
any plan or agreement between him and Oakes, as claimed by
the state.

At the January term of circuit court in and for Stanley
county two separate informations were filed against Oakes, Zigler,
and Barnes; one charging the larceny of the Devine horses, and
the other being the information in the case now on appeal.  Trial
was had on the Devine information, and, under advice of the
trial judge, the jury found· Barnes not guilty.  In March, 1909,
an information was filed in the circuit court of Potter county

against Barnes, charging him with the offense of receiving stolen property knowing same to be stolen, and the act charged being the receipt of the seven head of horses stolen by Oakes and Zigler from Devine and Muhlhausen, being the same horses with the theft of which Barnes was charged in the Stanley county informations. Trial was had in Potter county, and the jury found defendant not guilty. At the October term in Stanley county occurred the trial from which this appeal is taken, and it was the acquittals above referred to that were pleaded by defendant. In support of such pleas it was shown that the evidence introduced upon such trials was the same as that offered and received upon the trial in the case now before us.

Appellant contends that the acquittal upon the charge of stealing the Devine horses was of necessity an acquittal of the present charge, for the reason that the conversations testified to in this case, and which it is claimed connect the defendant with the theft of the Muhlhausen horses, are identically the same ones involved in the Devine Case, and that, therefore, an acquittal in the Devine Case was a complete adjudication between the state and defendant as to these conversations. The appellant is clearly in error. The Constitution provides that no person shall be twice put in jeopardy for the same offense. Section 281, Rev. Code Cr. Proc., allows a defendant to plead a former judgment of conviction or acquittal of the offense charged. Section 290 of such Code provides that, where a defendant has been convicted or acquitted upon an indictment or information, such conviction or acquittal is a bar to another indictment or information for the offense charged in the former. If it were not for the above provisions of the Constitution and statutes, a person, although once acquitted, could again be tried for the identical offense, and certainly no injustice could be done a party guilty of a crime, if such guilt should be established upon a second trial; but, upon grounds of public policy, it has been deemed best that some guilty should escape rather than that there be no limit to one's jeopardy for offenses charged against him. It will be seen that the effect of the above provisions of the Constitution and statutes are

limited to "the offense charged." The offense of which defendant was acquitted was the stealing of the Devine horses, not the Muhlhausen horses. The judge instructed the jury fully as to what constituted separate offenses, which instructions were, in our opinion, much more favorable to appellant than he was entitled to, and, under these instructions, the jury found the two thefts to have been separate offenses. They were certainly as separate and distinct offenses as though they had been consummated on separate nights and in separate counties. If Oakes had committed 40 thefts, persuaded thereto by one conversation with the defendant, each theft would have been a separate and distinct offense so far as defendant was concerned, though the evidence to connect him with such offenses might be identical in all cases. The record fails to disclose upon what grounds the trial court advised a verdict of acquittal in the Devine Case, whether owing to failure of evidence in relation to the actual theft or failure of evidence to connect defendant therewith, and it does not appear but that such advice was based upon some question of law not connected with the evidence. If defendant had been convicted of the Devine theft, such conviction could certainly not have been pleaded in bar herein. Supposing there had been such a conviction in the Devine Case followed by an acquittal in this case, could it be claimed that such acquittal should free defendant from the former judgment of conviction? Certainly not, and the mere fact that the charge upon which he was acquitted was tried first can have no different result so far as the other charge is concerned. There seems to be great conflict among the authorities as to whether there is more than one offense committed where there is at one time and place property of more than one person taken, and appellant has cited authorities supporting the theory that there is but one offense, but, as before noted, the thefts before us were at different times and places and come directly under the rule laid down in State v. Emery, 68 Vt. 109, 34 Atl. 432, 54 Am. St. Rep. 878, cited by appellant: "It is equally well settled that if, on the same expedition, there are several distinct larcenous takings, as taking the goods of one person at one place, and afterwards taking

the goods of another person at another place, and so on, as many crimes are committed as there are several and distinct takings." Appellant cites the case of Hurst v. State, 86 Ala. 604, 6 South. 120, 11 Am. St. Rep. 79, but the distinction between that time and the one at bar is clear. In that case defendant was convicted of conveying a file into a jail with intent to liberate a prisoner, and was afterwards indicted, tried, and convicted for the same act of conveying into the jail the same file, but with an intent to liberate another prisoner. It well might be held that under these facts there was but the one crime, the carrying of the file with the unlawful intent, just the same as in case of an unlawful breaking into a house with intent to commit therein two or more larcenies, or two or more criminal acts of the same or different natures, there is but the one burglary? For the cases to be parallel, the defendant in the Alabama Case should have furnished an accomplice a file with intent that he should use it to assist parties in escaping from jail, and that thereafter at two separate and distinct times the accomplice assisted distinct parties in escaping. Then, if the defendant had been indicted separately for assisting in the two escapes, he certainly could not complain, though his own act was but single in nature. Appellant also cites State v. Cooper, 13 N. J. Law, 361, 25 Am. Dec. 490. In that case the defendant under another indictment had been acquitted of arson, and in the case at bar he was charged with the murder of a person by destroying his life in the fire, the setting of which he had been acquitted of. It was held that the former acquittal was a bar to the last trial. That was certainly good law. Under the facts in the case before us, if under our statute there were a separate and distinct offense of counseling and encouraging larceny, and the defendant had been indicted therefor and acquitted, it might well then be claimed that he could not thereafter be tried for a larceny committed by another, with which larceny the only connection claimed as against the defendant was the counseling and encouraging of which he had been acquitted. This defendant has never been acquitted of counseling and encouraging the stealing of the horses in question. He was acquitted of steal-

ing other horses, but upon what grounds he was acquitted we do not know. We have carefully examined all the authorities cited by appellant upon this branch of the case, and find none other even as nearly in point as the two above referred to.

The appellant has apparently abandoned any claims under his plea based upon acquittal of receiving the horses knowing them to be stolen, and there clearly was no merit in such plea.

Numerous errors are assigned in relation to the admission and rejection of evidence, all of which we have carefully considered, and find nothing of sufficient importance to warrant discussion of same herein. Suffice it to say that we find therein no reversible error. Appellant complains because the trial court refused two instructions asked for. The instructions of the court were very full and ample, and were in no manner excepted to by the appellant, and the same fairly presented to the jury all the matters sought by the requested instructions, though in different language. It is also claimed by the appellant that the evidence to corroborate the accomplices Oakes and Zigler was insufficient to connect this appellant with the commission of the larceny, but we think there was ample in the evidence received to furnish such corroboration as is required under the statute.

The judgment of the trial court and order denying a new trial are affirmed.