(No. 29572.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CARL WOODWARD, Plaintiff in Error.

*Opinion filed September 18, 1946.*

CARL WOODWARD, *pro se.*

GEORGE F. BARRETT, Attorney General, and FRANCIS C. KING, State's Attorney, of Rock Island, for the People.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Plaintiff in error, Carl Woodward, who appears *pro se,* was indicted in the circuit court of Rock Island county at the September, 1943, term of said court. The indictment consisted of five counts. The first two counts charged burglary, the third and fourth, larceny, and the fifth, under which plaintiff in error was found guilty by a jury, charged him with receiving stolen property of the value of $407.33.

Plaintiff in error filed a motion for a new trial which was allowed. Thereafter, the case was again set for trial and he was found guilty by a jury of receiving stolen property of the value of $45 under the said fifth count of the indictment. Motion for a new trial being overruled, plaintiff in error was sentenced to the penitentiary for a term of not less than five nor more than ten years. No bill of exceptions was approved by the trial court and filed as a part of the record of conviction and the cause is here on the common-law record.

After plaintiff in error, on March 27, 1946, filed the common-law record, defendant in error, after leave granted by this court, filed a true and correct copy of the indictment as returned in the trial court along with the trial judge's longhand minutes as written in the criminal docket of said court.

The contentions as made by plaintiff in error are presented in a rather confusing manner and are based, in part, upon the common-law record before correction. We glean from what is said, however, that plaintiff in error contends the indictment is not predicated upon the statute and does not specifically charge the crime of receiving stolen property, but charges two distinct crimes. An examination of the indictment reveals that defendant was charged in different counts with having committed burglary, larceny and receiving stolen property. It has· repeatedly been held that counts for burglary, larceny and receiving stolen property may be joined against one or several defendants in one indictment where they relate to the same stolen goods. *People* v. *Kargula,* 285 Ill. 478; *People* v. *Goodman,* 283 Ill. 414.

Plaintiff in error further contends that, as he was given a new trial after being convicted of receiving stolen property, this subjected him to double jeopardy. It does not appear that such plea was preserved and no bill of exceptions appears in the record. However, if so preserved and properly presented, it could not avail plaintiff in error here for the reason that defendant was tried and convicted and, on his application, was given a new trial. If a new trial is granted on the defendant's application, this is, in itself, no bar to a second trial on the same or amended indictment. (*Gannon* v. *People,* 127 Ill. 507.) The defendant cannot, by his own act, avoid the jeopardy on which he stands and then assert it as a bar to subsequent jeopardy.

Plaintiff in error contends there is shown on the back of the indictment the printed endorsement, "Indictment for Burglary and Larceny," and as the endorsement does not show a charge of receiving stolen property, therefore he was not properly charged in the indictment with having received stolen property. Recourse, however, to the body of the indictment shows such charge, of which the court found plaintiff in error guilty and rendered judgment ac-

cordingly. (*People* v. *Sobucki*, 387 Ill. 358.) This was sufficient even though the printed endorsement did not show the charge of receiving stolen property.

Plaintiff in error contends his sentence, carrying a recommendation of minimum and maximum limits of imprisonment, is void under the holding of this court in the case of *People* v. *Montana*, 380 Ill. 596. If, as plaintiff in error contends, he was sentenced under the 1941 amendments of the Sentence and Parole Act, which were held to be invalid in the *Montana case*, his position might be tenable. His contention, however, that he was sentenced under the 1941 amendments is not supported by the record. The record discloses that the offense with which the defendant is charged was committed on July 16, 1943. At the time of the commission of this offense the Parole Act had been amended, (Ill. Rev. Stat. 1943, chap. 38, par. 802,) and was in full force and effect on July 1, 1943. As plaintiff in error committed the offense after the date of the amended statute, the judgment and sentence imposed upon him was properly imposed by virtue of the provisions of the 1943 amendments to said act.

We have examined the entire record as presented and find plaintiff in error was properly sentenced by the court and that a minimum sentence of five years and a maximum of ten years was properly included in the sentence. In determining the sufficiency of the record, the entire record will be searched and interpreted and a deficiency in one place will be cured by what appears in another. *People ex rel. Ewald* v. *Montgomery*, 377 Ill. 241; *People ex rel. Sammons* v. *Hill*, 345 Ill. 103.

We do not find in the common-law record presented here anything which would indicate plaintiff in error did not have a fair trial which the law contemplates. The cause being here on the common-law record, the extent of inquiry is circumscribed by what that record contains. *People* v. *Conn*, 391 Ill. 190; *People* v. *Street*, 353 Ill. 60.

We have examined the record in this case and the numerous contentions made by plaintiff in error and do not find anything warranting a reversal. For the foregoing reasons, the judgment of the circuit court of Rock Island county is affirmed.

*Judgment affirmed.*