STATE, Respondent v. PERCY, Defendant

(137 N.W.2d 888)

(File No. 10128.  Opinion filed November 12, 1965)

Rehearing denied March 11, 1966

**William G. Porter,** Rapid City, court-appointed counsel for defendant and appellant.

**Frank L. Farrar,** Atty. Gen., **Robert E. Ruddy,** Asst. Atty. Gen., Pierre, and **David Sieler,** State's Atty., Rapid City, for plaintiff and respondent.

ROBERTS, P. J. Defendant was tried and convicted of the crime of kidnapping. The information following the language of the statute charged that "the Defendant, Dale Percy, at Rapid City, Pennington County, South Dakota, on or about October 10, 1960, * * * did then and there, willfully and unlawfully and feloniously, seize, confine, inveigle, decoy, kidnap, abduct and carry away and hold and detain Stephen Lux for ransom, reward or otherwise, in violation of SDC 1960 Supp. 13.2701; and Contrary to the form of the statutes in such case made and provided and against the peace and dignity of the State of South Dakota."

The present action grows out of the transactions which gave rise to the information and trial in the case of State v. Percy, 80 S.D. 1, 117 N.W.2d 99. Defendant was therein convicted of indecently molesting a five year old child. This court held that there was error in admitting certain testimony and the judgment below was reversed. Defendant demurred in the second action to the information on the grounds that it did not state a public offense and that defendant was twice put in jeopardy for the same offense. The demurrers were overruled and the case was called for trial on July 22, 1963. Defendant was sentenced to the State Penitentiary for life and this appeal followed.

The principal grounds urged in support of the numerous assignments of error presented by defendant are as follows: (1) The defendant has been twice put in jeopardy for the same offense; (2) the information fails to state a public offense; (3) the court erred in receiving over the continuing objections of defendant's counsel statements of the victim and hearsay testimony of his parents; (4) the court erred in permitting the state's attorney to make an opening statement to the jury; and (5) the court erred in the giving of certain instructions and the rejecting of others.

The facts, as presently stated, were developed in the evidence introduced in behalf of the State. Though there are some differences in the evidence consisting of additions and omissions, much of the evidence in the two cases is identical. No evidence was offered in behalf of the defendant.

On October 10, 1960, about 8:45 a. m., Steven Lux, a five year old child, left his home to attend school. His mother about an hour later saw him at the front door of the Lux home "crying" and looking "as though he had been frightened." He was holding his hand in the area of his buttocks. He told his mother that a man had taken him in his truck and hurt him. A medical examination later in the morning revealed small tears in the anal area. Police apprehended the defendant the following day. A police officer testified that defendant admitted that he was in the area of the school and the Lux home the previous day and had picked up a small boy. This witness also testified:

"Q. Later on the same day of October 11, did you have another conversation with Mr. Percy? A. I did.

"Q. Where did that conversation take place? A. Downstairs at the police station. * * *

"Q. Now, what, if anything, was said at that conversation, by Mr. Percy to anyone? A. I asked him, pointing to Steven Lux, if this was the boy that he had picked up in the Robbinsdale area near the school on October 10 and he said that he looked familiar, about the same size and he thought it was the boy and then he added that he couldn't be sure."

The provisions of the constitution of this state against double jeopardy (§ 9, Art. VI) apply only to the same offense and have no application to another or different offense. State v. Caddy, 15 S.D. 167, 87 N.W. 927; State v. Barnes, 26 S.D. 268, 128 N.W. 170; State v. McGaughey, 45 S.D. 379, 187 N.W. 717. SDC 1960 Supp. 34.3520(3) permits a defendant to plead a former judgment of conviction or acquittal of the offense charged.

In State v. Adams, 11 S.D. 431, 78 N.W. 353, the trial court on its own motion set aside a conviction and awarded defendant

a new trial. A second information was filed against defendant alleging the same offense with the exception that the time of the commission of the crime was alleged to be at an earlier date. This court held that the trial court was without authority to award a new trial on its own motion and that the defendant was placed in double jeopardy by the second trial.

We have in this case a much different question. The jury on the first trial found defendant guilty of indecent molestation of a minor child (SDC 1960 Supp. 13.1727) and on appeal the conviction as we have stated was reversed. In the absence of the appeal, the defendant could not have been again tried for the same offense. SDC 1960 Supp. 34.4109 authorizes this court in a criminal action to "reverse, affirm, or modify the judgment or order appealed from, and may direct a new trial." The reversal of a judgment without direction is tantamount to remand for a new trial. Froke v. Watertown Gas Company, 68 S.D. 266, 1 N.W.2d 590.

A defendant convicted of a crime waives his constitutional protection against being put twice in jeopardy and may be tried again where the conviction is reversed on appeal. 21 Am.Jur.2d, Criminal Law, § 209. Where a new trial has been granted, the action stands as if there had been no trial and may be retried on the original information or a new information. 22 C.J.S. Criminal Law, § 256; State v. Cook, 96 N.H. 212, 72 A.2d 778; People v. Woodward, 394 Ill. 433, 69 N.E.2d 181. Defendant could then have been again tried for indecent molestation of a minor child. We need not determine whether the one crime is an ingredient of the other so that evidence which proves the one would prove the other. The constitutional provisions against double jeopardy were never intended to apply where a conviction is reversed on appeal and a new trial granted.

SDC 1960 Supp. 13.2701, following the provisions of the federal statute referred to as the Lindbergh Act (18 U.S.C.A. § 1201), punishes any person who "shall seize, confine, inviegle (sic), decoy, kidnap, abduct or carry away any person and hold or detain such person for ransom, reward, or otherwise, except in the case of an unmarried minor by a parent thereof." The

act contemplates that the victim shall have been (1) unlawfully restrained and (2) held "for ransom, reward, or otherwise". It is claimed that no violation of the statute was alleged in the information or established by the evidence. This court considering the statute here involved in State v. Strauser, 75 S.D. 266, 63 N.W.2d 345, held that the words "or otherwise" are sufficiently comprehensive to include reasons for the holding of a kidnapped person other than ransom or reward and that an information in the language of the statute without allegation of a specific reason is sufficient. The Strauser case is controlling and it is not necessary that we further discuss the contention that a violation of the statute was not alleged.

■ There was substantial evidence in support of the essential elements of the offense. The victim was of such an age as to be incapable of giving legal consent to being taken into the truck and going with the defendant. The statute as we have indicated extends to cases where a person is kidnapped by any means and unlawfully restrained "in order that the captor might secure some benefit to himself." State v. Strauser, supra; Brooks v. United States, 4 Cir., 199 F.2d 336; United States v. Bazzell, 7 Cir., 187 F.2d 878; Poindexter v. United States, 8 Cir., 139 F.2d 158. Counsel argues that the rule could result in a conviction where a person removes a child against his will from danger or for other proper purpose. The statute has no reference to acts lawful in themselves. The jury from the evidence adduced had the right to believe that defendant committed lascivious acts upon his captive. The facts were clearly sufficient to justify the conviction.

■ The statements of the victim of a sexual offense made immediately after commission of such an offense and under circumstances as to indicate spontaneity are generally admissible as a part of the res gestae. Counsel concede that statements made by the little boy when he appeared a short time after the alleged occurrence of the offense crying at the front door of his home were admissible. Strenuous objections were made to statements of the boy made to his parents two or three hours after the alleged happening of the offense. The mother was permitted to testify to statements made by her son when returning

home from the office of the doctor who had examined him. The statements in question as repeated in the testimony of the mother were as follows: "As we drove along and we got fairly close to our block, my husband asked Steven if he could show him where the man picked him up, we knew approximately, and he drove slow and Steve indicated that it was the second house from the corner, in the same block we live in  *  *  *  and my husband said, 'well, Steven, why did you get in the car,' or words to that effect and as well, asked him if he got in the car or if the man put him in the car and Steve, in a very low voice said, 'no,' the man told him he would take him home, 'but he didn't he went right by my house' and so then my husband started up and said, 'well, Steve, could you show me where he took you' and he indicated that he could  *  *  *."

In State v. McFall, 75 S.D. 630, 71 N.W.2d 299, affirming a conviction for indecent molestation of a six year old girl, this court discussing the admissibility of oral utterances by an infant declarant said: "Where the victim is of an age as to render improbable that her utterance was deliberate and its effect premeditated the utterance need not be so nearly contemporaneous with the act as in the case of an older person."

Wigmore on Evidence, 3rd Ed., § 1750, commenting on the time element states: "The utterance must have been **before there has been time to contrive and misrepresent, i. e.,** while the nervous excitement may be supposed still to dominate and the reflective powers to be yet in abeyance. This limitation is in practice the subject of most of the rulings. It is to be observed that the statements **need not be strictly contemporaneous** with the exciting cause; they may be subsequent to it, provided there has not been time for the exciting influence to lose its sway and to be dissipated."

In the prior appeal, this court recognized the effect of the rule of evidence here under consideration. We quote: "While the time that elapsed between the event and the statement is a factor to be considered, it is not determinative. Whether an utterance was made under the influence of the event must be determined on the basis of the circumstances in each case. The

admissibility of such statements is in the sound discretion of the trial court and we will disturb his holding only if convinced that such discretion was abused."

We think that the court was justified in concluding that the boy made the declarations in question to his parents under such stress of circumstances as to warrant their admission in evidence. The inadmissible declarations considered in the first appeal identifying the defendant as the offender were made the day following commission of the offense charged.

The trial court over objection permitted counsel for the state to make an opening statement to the jury. SDC 1960 Supp. 34.3627(2) directs that the "state's attorney or other counsel for the state must open the case and offer the evidence in support of the indictment or information". It is clear that an opening statement comes within this language.

Defendant assigns errors in connection with the giving of instructions. We have carefully reviewed the rulings complained of and upon the entire record we are satisfied that none of them could have been prejudicial even if erroneous. It is unnecessary to discuss them in detail.

The judgment appealed from is affirmed.

All the Judges concur.