STATE ex rel. PERCY, Appellant v. ERICKSON, Respondent

(158 N.W.2d 241)

(File No. 10428.   Opinion filed April 26, 1968)

**Woods, Fuller, Shultz & Smith,** and **Timothy J. Nimick,** Sioux Falls, for plaintiff and appellant.

**Frank L. Farrar,** Atty. Gen., **Michael Strain,** Asst. Atty. Gen., Pierre, **Roger Schiager,** State's Atty., Minnehaha County, Sioux Falls, for defendant and respondent.

LUND, Circuit Judge.

In 1961, the Defendant Percy was convicted of the crime of indecent molestation of a minor child. For this crime he was sentenced to 40 years in the State Penitentiary under the habitual criminal statute. On appeal his conviction was reversed. State v. Percy, 80 S.D. 1, 117 N.W.2d 99.

Thereafter, in 1963, he was tried and convicted of the crime of kidnapping, arising out of the same transaction for which he had been previously convicted of molestation, and upon such conviction was sentenced to life imprisonment. This conviction was affirmed on appeal. State v. Percy, 81 S.D. 519, 137 N.W.2d 888.

The present appeal is from a judgment of the Circuit Court of Minnehaha County denying Defendant Percy's post-conviction application for a writ of habeas corpus and remanding him to the custody of the Warden of the State Penitentiary.

It is appellant's claim, under his assignments of error, that his constitutional rights were violated as follows:

1. That the Court, upon the second trial, was without jurisdiction to try him on the charge of kidnapping.

2. In the alternative that the Court was without jurisdiction to impose a greater sentence than that which had been imposed upon his conviction for indecent molestation.

■ ■ The precise question presented by appellant's first assignment was carefully considered and decided by this Court in State v. Percy, 81 S.D. 519, 137 N.W.2d 888, wherein we held that the provisions of the constitution of this State against double jeopardy apply only to the same offense and have no application to a new trial or different offense; and where a conviction is reversed on appeal and a new trial granted, the action stands as if there had been no trial and may be tried on the original information or a new information. SDC 1960 Supp. 34.4001 also provides that the granting of a new trial places the party in the same position as if no trial had been had.

■ ■ This statute is clear and conclusive and as indicated in State v. Percy, supra, it is unnecessary to determine whether the crime of indecent molestation of a minor is an included offense of the crime of kidnapping, so that the evidence which proves the one would also prove the other. However, we might add parenthetically that in this case the two informations are based on two distinct and independent statutes and the offenses charged in each case are essentially different although arising out of the same transaction.

■ Prosecutions for separate offenses based on the same transaction do not involve double jeopardy where there are distinct elements in one offense that are not included in the other. 21 Am.Jur.2d, Criminal Law, §188, page 243; Jeppesen v. State, 154 Neb. 765, 49 N.W.2d 611; State v. Birckhead, 256 N.C. 494, 124 S.E.2d 838, 6 A.L.R.3d 888; State v. Brooks, 215 Wis. 134, 254 N.W. 374, 94 A.L.R. 401; State v. Caddy, 15 S.D. 167, 87 N.W. 927; State v. Schultz, 52 S.D. 209, 217 N.W. 213; State v. Percy, supra.

■ Appellant's second or alternative assignment of error is correlative to his first assignment, and as stated in State v. Percy, supra, a defendant waives his right to plead former jeopardy when he attains a reversal on appeal. When, therefore, a new trial is granted, and he is reindicted, or is tried on the original information, he cannot plead as a bar to the prosecution the conviction which was reversed, there being no double jeopardy, even though on the new trial he is convicted of a different offense carrying an increased sentence. This rule applies particularly where a statute provides that the granting of a new trial places the party in the same position as if no trial had been had. 22 C.J.S. Criminal Law §§ 272-275; Flemister v. United States, 207 U.S. 372, 28 S.Ct. 129, 52 L.Ed. 252; State v. Huff, 217 Iowa 41, 250 N.W. 581, 583; Application of Christensen, 166 Kan. 671, 203 P.2d 258; State v. Phillips, 175 Kan. 50, 259 P.2d 185.

In conclusion, the citation of cases urged by appellant in support of his contentions are clearly not applicable to the factual situation here presented.

The judgment of the Circuit Court denying appellant's application for a writ of habeas corpus must be, and the same is hereby affirmed.

All the Judges concur.

Lund, Circuit Judge, sitting for RENTTO, J.