**Petition of Dale PERCY for a Writ of Habeas Corpus.**

**Civ. 68–85S.**

United States District Court
D. South Dakota, S. D.

Dec. 17, 1968.

## MEMORANDUM DECISION

NICHOL, Chief Judge.

This is a habeas corpus proceeding in accordance with Title 28 U.S.C. Sec. 2254. Dale Percy (hereinafter called petitioner) claims that his ultimate trial and conviction were violative of his constitutional and statutory guarantees of protection against double jeopardy pursuant to Article V of the United States Constitution and Article VI, Section 9, of the Constitution of the State of South Dakota. In the alternative the petitioner claims that the greater sentence imposed upon his trial for kidnapping is illegal and requests relief pursuant to Rule 35 of the Federal Rules of Criminal Procedure, which would permit reduction of the sentence to not to exceed the original sentence for his prior conviction of indecent molestation of a minor.

Petitioner was convicted in the Circuit Court of Pennington County by a jury of the crime of indecent molestation on January 31, 1961.

Following the trial an Information was filed under the Habitual Criminal Act (SDC 13.0611) on February 3, 1961, and petitioner appeared to plead to this charge without benefit of counsel, and was found guilty of being an habitual criminal, and by a Judgment dated February 6, 1961, and filed February 8, 1961, was sentenced to 40 years in the South Dakota State Penitentiary.

Subsequently an appeal was perfected and the Supreme Court of South Dakota reversed the conviction.[1] Petitioner then was charged with the crime of kidnapping, and he entered pleas of not guilty and not guilty by reason of double jeopardy. Subsequently he was found guilty of the crime of kidnapping by a jury verdict and was sentenced on July 26, 1963, to life imprisonment. Judgment was entered on the 26th day of July, 1963, and an appeal followed.[2] On appeal

Timothy J. Nimick, of Woods, Fuller, Shultz & Smith, Sioux Falls, S. D., for petitioner.

Michael B. Strain, Asst. Atty. Gen., Pierre, S. D., for Warden of South Dakota State Penitentiary and for State of South Dakota.

1. State v. Percy, 80 S.D. 1, 117 N.W.2d 99.

2. State v. Percy, 81 S.D. 519, 137 N.W.2d 888.

the Supreme Court of South Dakota affirmed his conviction, and the petitioner brought a writ of habeas corpus which was denied by both the state circuit court and the Supreme Court.[3]

The petitioner's claim of double jeopardy was considered upon two occasions by the Supreme Court of South Dakota and rejected both times.[4] In its initial rejection[5] that Court pointed out that the guarantee against double jeopardy applied only to the same offense and had no application to another or different offense. Subsequently that Court considered the same matter in petitioner's habeas corpus proceeding and stated that it need not "determine whether the crime of indecent molestation of a minor is an included offense of the crime of kidnapping, so that the evidence which proves the one would also prove the other."[6] That Court so decided the issue before it with reference to SDC 1960 Supp. 34.-4001, which provides that the granting of a new trial places the party in the same position as if no trial had been had, which would of itself completely eliminate the issue of double jeopardy.

In support of his contention of double jeopardy, the petitioner cites SDC 1960 Supp. 34.3643, which provides:

"If it appears from the evidence that the facts proved constitute an offense of a higher nature than that charged in the indictment or information, the Court *may* (emphasis ours) direct the jury to be discharged and all proceedings to be suspended, and *may* (emphasis ours) order the case to be continued and the defendant to be committed or admitted to bail, to answer to any new prosecution against him for the higher offense. * * *"

The petitioner would interpret this statute to place an affirmative duty upon the trial court to stop the trial, and if a subsequent indictment or information were not filed against the accused, the State would have then waived its right to try accused on the higher charge.

From examination of the pleadings and briefs before the South Dakota Supreme Court, it is evident that that statute was before that Court but that the issue thereby raised was not commented upon in the Court's decision. Upon independent research, both connected with the South Dakota statute involved and similar statutes in other states, this Court cannot determine that any affirmative duty is placed upon the State in derogation to the State's right to later indict for a greater offense which may also have become evident at the initial trial. Also it should be pointed out that SDC 1960 Supp. 34.3643 is couched in permissive rather than mandatory terms.

The discussion of an affirmative duty by the State allegedly imposed by SDC 1960 Supp. 34.3643 also becomes pertinent when one considers the second part

---

3. State ex rel. Percy v. Erickson, 158 N.W. 2d 241 (South Dakota, 1968).

4. The Supreme Court of South Dakota considered the issue of double jeopardy in State v. Percy, 81 S.D. 519, 137 N.W.2d 888 at 890, 891; that Court also considered the same issue in 158 N.W.2d 241 at 242.

5. In State v. Percy, 81 S.D. 519, 137 N.W. 2d 888 at 890, the South Dakota Supreme Court stated:

The provisions of the constitution of this state against double jeopordy (§ 9, Art. VI) apply only to the same offense and have no application to anoth-

er or different offense. State v. Caddy, 15 S.D. 167, 87 N.W. 927; State v. Barnes, 26 S.D. 268, 128 N.W. 170; State v. McGaughey, 45 S.D. 379, 187 N.W. 717.

6. State ex rel. Percy v. Erickson, 158 N.W. 2d 241 at 242. The Court proceeded to clarify the issue, stating:

However we might add parenthetically that in this case the two informations are based on two distinct and independent statutes and the offenses charged in each case are essentially different although arising out of the same transaction. (Id.)

of petitioner's complaint—that of the increased sentence imposed upon him in the second trial and the question of its validity. If such an affirmative duty were found, there would be little doubt but that the petitioner's life sentence would have to be reduced to 40 years (the original sentence), since then the petitioner could only be tried for the same offense or a lower one upon retrial and accordingly the newly imposed sentence could be no greater than the original so as to not penalize petitioner for attempting to secure a fair trial.[7] Among other cases the petitioner cites Green v. United States, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957), in support of his second contention. In that case the defendant, Green, was charged with first degree murder, and in his first trial the judge instructed that the defendant could either be found guilty of first degree murder or second degree murder. Green was found guilty of second degree murder and was sentenced from five to twenty years imprisonment on that charge. Green secured a reversal of the decision, and upon remand was tried and convicted of first degree murder and sentenced to death. The United States Supreme Court held that Green's initial conviction of second degree murder impliedly acquitted him of first degree murder.

*Green* can be distinguished from the present case, however, because in *Green* the defendant initially was clearly tried for first degree murder, the higher crime, while in the present case no mention was made of kidnapping in the initial trial, and as such was not considered by the jury as was the crime of first degree murder in *Green*. It should also be pointed out that *Green* involved vary-

ing degrees of the same crime, while in the instant case two distinct crimes are involved.

In regard to reduction of his sentence, petitioner also urges that the doctrine set down by Patton v. State of North Carolina, 381 F.2d 636 (4th Cir. 1967), which held that an increased sentence upon retrial violated petitioner's rights to due process and equal protection as guaranteed by the Fourteenth Amendment, is applicable. This case is also distinguishable from the instant case because in *Patton* the defendant was retried for the same crime, while the instant case involves two distinct crimes. The relief that the petitioner is asking for today would not only include the implied acquittal doctrine of *Green*, but would extend it to additional crimes and the limitation of sentence using the original sentence as a ceiling as required by *Patton*. Such a rationale was carried to its ultimate conclusion by the California Supreme Court in its decision in People v. Henderson[8], 60 Cal.2d 482, 35 Cal.Rptr. 77, 386 P.2d 677 (1963), when it "on double jeopardy grounds, held that the first sentence *automatically barred* a more severe sentence on retrial."[9] It should also be pointed out, however, that *Henderson*, too, involved a retrial for the *same offense*.

The lack of uniformity in decisions involving the increased sentences upon retrial is discussed in Coke v. United States, D.C.N.Y., 280 F.Supp. 97 (1968). In addition to Patton, the *Coke* opinion discusses U. S. v. White, 382 F.2d 445 (7th Cir. 1967), which rejected the *Patton* prohibition of imposing increased sentences upon retrial and would permit increased sentences when accompanied

---

7. This would in effect combine the implied acquittal of a higher offense as stated in Green v. United States, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957), with the prohibition of an increased sentence upon retrial as dictated by Patton v. State of North Carolina, 381 F.2d 636 (4th Cir. 1967).

8. This area of the law is discussed in SOLUTION TO AN "INCREDIBLE DILEMMA": THE ORIGINAL SENTENCE AS A CEILING, 13 S.D.L.Rev. 130 (1968). See also IN GIDEON'S WAKE, 74 Yale L.J. 606 at 634–35 (1965).

9. 13 S.D.L.Rev. 130, 137 (1968).

by explanatory remarks by the sentencing court which adequately point out additional information available since the initial sentence which would justify the increased sentence. Marano v. U. S., 374 F.2d 583 (1st Cir. 1967), is also discussed. In that case the Circuit Court remanded the case for resentencing because the record showed no "substantial justification" for the increased sentence. Taken by itself, *Marano* certainly does not reinforce *Patton*. In summation *Coke* states:

\* \* \* (O)ther Circuits, absent a finding of improper motivation, have reached no consensus on constitutional claims, and only the Fourth Circuit, in *Patton,* has adopted a prophylactic rule on constitutional grounds. We believe that if the *Patton* rule is to obtain, it is not for this Court to pronounce it.[10]

It would seem that order should be made from the chaos of the different views espoused by the various Circuit Courts. The United States Supreme Court has just such an opportunity. It will in effect be deciding upon *Patton* (cert. denied 390 U.S. 905, 88 S.Ct. 818, 19 L.Ed.2d 871), when it hears the even more recent case of Pearce v. North Carolina, 397 F.2d 253 (4th Cir. 1968), (cert. granted Oct. 28, 1968, 393 U.S. 922, 89 S.Ct. 258, 21 L.Ed.2d 258), which stands completely upon the decision in *Patton.*

■ Although, as alleged by counsel for petitioner, it is true that petitioner was convicted both of the crime of indecent molestation and the crime of kidnapping on basically the same testimony, we find that the instant case is distinguishable from *Green* and *Patton* since in this case two separate crimes are involved.

The foregoing shall constitute findings of fact and conclusions of law. The writ of habeas corpus is accordingly quashed and petitioner is hereby remanded to the custody of Don R. Erickson, as Warden of the South Dakota State Penitentiary at Sioux Falls, South Dakota.

---

10. Coke v. United States, 280 F.Supp. 97 at 106 (1968).