Cheshire,
April 4, 1950. } No. 3906.

STATE *v.* ROY B. COOK.

*William L. Phinney*, Attorney General, and *Harry C. Lichman*, County Solicitor (*Mr. Lichman* orally), for the State.

*William H. Watson* (by brief and orally), for the defendant.

LAMPRON, J. The defendant was put in jeopardy by his trial in the Municipal Court. The complaint in charging the defendant with a second conviction stated that he had been previously convicted "in the Cheshire County Superior Court, at the September term, 1945. . . . " The information described it more fully as having taken place "in the Cheshire County Superior Court on October 16, 1945. . . . " This failure to recite the prior conviction more precisely in the complaint did not make it so defective in form or substance that it would not support a conviction (*State* v. *Adams*, 64 N. H. 440; *State* v. *Small*, 64 N. H. 491) and prevent the defendant from being placed in jeopardy by a trial thereon. *State* v. *Sherburne*, 58 N. H. 535; *State* v. *Liptzer*, 90 N. H. 395; *State* v. *Moore*, 93 N. H. 169; *State* v. *Belmestieri*, 93 N. H. 262. The Municipal Court of Keene had jurisdiction of the offense with which he was charged. R. L., *c*. 377, *s*. 15. He was arraigned, tried, convicted and sentenced.

In the absence of an appeal, the defendant having been tried and convicted on a sufficient complaint by a court having jurisdiction thereof, he could never have been tried again for this same offense. *State* v: *Hodgkins*, 42 N. H. 474; *State* v. *Shannon*, 136 Me. 127; *Clawans* v. *Rives*, 104 F. (2d) 240; 22 C. J. S. 368; 15 Am. Jur. 38, 39; 1 Wharton's Criminal Law (12th *ed.* ), *s*. 395.

This brings us to the consideration of the effect of defendant's appeal to the Superior Court from his conviction in the Municipal Court. "The appeal is a continuation of the original proceeding; its object is to carry the cause to a higher tribunal, to be tried there anew, and a new judgment entered. . . . The effect of the appeal is to vacate,

for most purposes, the judgment below; and the judgment rendered in the court above is a distinct and original judgment." *Wallace* v. *Brown*, 25 N. H. 216, 220, 221; *Bickford* v. *Franconia*, 73 N. H. 194. "The defendant by his appeal vacated the decision and sentence" of the lower court. *Commonwealth* v. *Downing*, 150 Mass. 197, 199. The appeal, in fact, is more than a stay of the judgment of conviction before the Municipal Court. It vacates that judgment and transfers the whole proceeding to the Superior Court, there to be tried *de novo* on the original complaint, unless amended (R. L., c. 427, s. 12), or on a new information. *Malone* v. *State*, 179 Ind. 184; 22 C. J. S., s. 256, p. 393. The parties stand as though there had been no trial. *Jacoby* v. *State*, 210 Ind. 49.

Standing thus as though he had never been tried for this offense, a *nolle prosequi* of the original complaint by the prosecutor (*State* v. *Dover*, 46 N. H. 452) and the filing by him of an information for the same offense, does not give the defendant the right to plead former jeopardy thereto for by his appeal he has given up that right. *Jacoby* v. *State, supra; Commonwealth* v. *McLaughlin*, 293 Pa. 218; *People* v. *Woodward*, 394 Ill. 433; *McDowell* v. *State*, 225 Ind. 495; *Pratt* v. *United States* 102 F. (2d) 275; *Bryan* v. *United States*, 70 S. Ct. 317; 2 Wharton's Criminal Procedure (10th *ed.*), s. 1455.

*Exception overruled.*

All concurred.