Merrimack
No. 83-269

### THE STATE OF NEW HAMPSHIRE

v.

### CAROL CHAISSON

April 5, 1985

*Gregory H. Smith*, attorney general (*Michael S. Pignatelli*, assistant attorney general, on the brief and orally), for the State.

*Branch & Greenhalge P.A.*, of Concord (*James P. Loring* on the brief and orally), for the defendant.

KING, C.J.   On March 8, 1983, the defendant, Carol Chaisson, was convicted in Concord District Court (*Sullivan*, J.) of driving while under the influence of intoxicating liquor in violation of former RSA 265:82 (1982) (current version at RSA 265:82 (Supp. 1983)). She appealed her conviction to the superior court and moved for summary judgment on the grounds that the district court proceedings violated her due process rights, that the evidence presented in the district court was insufficient to convict her, and that the federal constitutional prohibition against double jeopardy should have barred a second trial.

The Superior Court (*DiClerico*, J.) denied the defendant's motion for summary judgment and also denied her motion for leave to file an interlocutory appeal from the ruling. Following a trial *de novo* on the merits in Superior Court (*Souter*, J.), the defendant was found guilty as charged. The defendant now appeals the denial of her motion for summary judgment, and we affirm the ruling below.

The findings and order made by Judge Sullivan on March 8, 1983, constitute the only record of the district court trial. The judge stated that the real issue in the case was "whether the Defendant was under the influence of intoxicating liquor" in violation of RSA 265:82. The following facts were contained in the court's findings and order.

Police testimony revealed that the defendant's automobile was stopped because it was proceeding erratically. The defendant fell back into the car after attempting to step out of the car. The arresting officer further stated that the defendant swayed badly while performing a balance test and that another policeman caught her to keep her from falling. The defendant testified that on the day of her arrest she was taking a prescription medication and that she had had one alcoholic drink after work.

The judge found that the testimony of the defendant and the observations of the police were "consistent with a person being under the influence of an intoxicating liquor or controlled drug." The judge then stated: "I find that the defendant was under the influence of a combination of a controlled drug and liquor and accordingly find the defendant guilty."

■ The defendant first argues that the district court proceeding denied her due process of the law by convicting her of a charge not made against her. Under the State Constitution, no one is answerable to a crime unless the offense is fully and plainly described to him or her. N.H. CONST. pt. I, art. 15. The defendant admits that her complaint in district court fully and plainly described the charge against her, as required by part I, article 15 of the State Constitution, and also informed her that the State would allege that her blood alcohol content had reached a level sufficient to make her unfit to drive a motor vehicle on a public way.

However, the defendant contends that, under the charge contained in the complaint issued against her, she could *only* be convicted of driving while under the influence of *alcohol*. She argues that because the district court based her conviction on a finding that she was driving under the influence of a combination of a controlled drug and liquor, the court violated her right to due process of law by convicting her on a charge not made against her. *See Cole v. Arkansas*, 333 U.S. 196 (1948).

The defendant further argues that there was insufficient evidence introduced in her district court trial to prove the charge actually made against her, and concludes that her second trial in superior court violated the double jeopardy clause in the fifth amendment to the Federal Constitution. *See Burks v. United States*, 437 U.S. 1, 15–16 (1978).

■ We need not address the defendant's due process claim. "A defendant who elects to be tried *de novo* . . . is in no different position than is a convicted defendant who successfully appeals on the basis of the trial record and gains a reversal of his conviction and a remand of his case for a new trial." *Ludwig v. Massachusetts*, 427 U.S. 618, 631 (1976). It follows that, unless a second trial is barred by double jeopardy, errors committed in the district court may be cured through the *de novo* trial in superior court.

Nor is it necessary to address the defendant's second argument. Although the constitutional guarantee against double jeopardy bars a second trial once an appeals court has determined that a defendant's conviction rests on insufficient evidence, *Burks supra*, the United States Supreme Court has recently held that this rule is not applicable to *de novo* trials.

■ In *Justices of Boston Municipal Court v. Lydon*, 104 S. Ct. 1805 (1984), five justices of the United States Supreme Court held that a two-tier trial arrangement, similar in all relevant respects to New Hampshire's, does not constitute double jeopardy "even when a defendant convicted at the first tier claims insufficiency of the evi-

dence." *Id.* at 1814, *id.* at 1823 (Powell, J., and Burger, C.J., concurring in part and concurring in the judgment). Since the defendant does not argue that the State Constitution provides a broader definition of double jeopardy, *Lydon* is dispositive of this issue. We accordingly hold that the superior court properly denied the defendant's motion for summary judgment.

*Affirmed.*

SOUTER, J., did not sit; the others concurred.