Coos
No. 90-458

THE STATE OF NEW HAMPSHIRE

v.

PAULINE GAGNON

December 31, 1991

*John P. Arnold*, attorney general (*Donald Feith*, assistant attorney general, on the brief), by brief for the State.

*James E. Duggan*, chief appellate defender, of Concord, by brief for the defendant.

THAYER, J. The defendant, Pauline Gagnon, appeals the decision of the Superior Court (*Smith*, J.) allowing the State to reduce her misdemeanor charge to a violation, pursuant to RSA 625:9, VI (Supp. 1991), eight months after her arraignment in the district court, but before her arraignment in the superior court. We affirm in part and reverse in part.

The State filed a misdemeanor complaint against Gagnon, and in January 1990 she was arraigned on that charge and assigned court-appointed counsel. The Berlin District Court (*Anctil*, J.), after trial, convicted and sentenced her, and she appealed to the superior court for a trial *de novo*. *See* RSA 599:1 (Supp. 1991). Gagnon was again afforded court-appointed counsel. On September 4, 1990, at a final pretrial hearing, the State filed a "Notice of Intent to Proceed Under RSA 625:9[,] VI." The notice requested the superior court to dispose of the case as a violation and to remand it to the district court for sentencing. Over Gagnon's objection, the superior court granted the State's requests, and this appeal followed.

Gagnon argues on appeal that RSA 625:9, VI (Supp. 1991) allows a prosecutor to reduce a misdemeanor charge to a violation only "[p]rior to or at the time of arraignment" in the first instance, *i.e.*, in the *district court*, and not in the superior court. Given the superior court's broad jurisdiction over misdemeanor cases, *see* RSA 592-A:2; 599:1, the State counters that the statute's reference to "arraignment" means arraignment at either the district court or the superior court.

The statute at issue here is RSA 625:9, VI (Supp. 1991). It reads, in pertinent part:

"Prior to or at the time of arraignment, the state may, in its discretion, charge any offense designated a misdemeanor

... as a violation. At such time, the prosecutor shall make an affirmative statement to the court as to whether he intends to proceed under this paragraph."

Turning first to the language of the statute, *see Chambers v. Geiger*, 133 N.H. 149, 152, 573 A.2d 1356, 1357 (1990) (in a case of statutory construction, first step is to examine words of statute, because words of statute are touchstone of legislature's intent), we note that the word "arraignment" is not modified in any way. The statute gives no hint that the legislature intended to limit its application to district court arraignments. Had the legislature wished, it could have easily and explicitly done so. The statute does not read "the time of arraignment in the district court," nor even "the arraignment." It simply reads: "arraignment."

 Misdemeanants may be arraigned in both the district court and the superior court. *See* DIST. & MUN. CT. R. 2.3; SUPER. CT. R. 97. Although no court rule or statute requires arraignments in the superior court after a misdemeanor appeal, no rule or statute forbids such arraignments either. Moreover, the only superior court rule mentioning arraignments refers to them without limiting their scope or application:

> "A defendant, who is represented by attorney, may enter a plea of not guilty without formal arraignment by filing at, or before, the time fixed for arraignment, a written statement signed by the defendant certifying that he has reviewed a copy of the indictment . . . ."

SUPER. CT. R. 97. Gagnon asserts in her brief that "[t]he reference to indictment [in Superior Court Rule 97] makes it obvious that the procedure is applicable only in felonies," but this argument ignores our statement in *State v. Allegra*, 129 N.H. 720, 725, 533 A.2d 338, 342 (1987), that "there is no statutory prohibition against indicting for a misdemeanor."

A defendant appealing a misdemeanor conviction from the district court has, by common practice, two arraignments: one at the district court after he or she is first charged, and one at the superior court before trial. *See* R. MCNAMARA, 1 NEW HAMPSHIRE PRACTICE, CRIMINAL PRACTICE AND PROCEDURE § 365, at 234–36 (1980). As the superior court noted, "the normal procedure is, on misdemeanor appeals, to require the defendant to be present at any pretrial hearing, but not to arraign them until such time as the jury is selected." *See also id.* (in misdemeanor appeals, arraignment is generally con-

tinued until morning of trial). Gagnon concedes that the "normal practice" is to arraign misdemeanor appellants a second time in the superior court. She argues, however, that such an arraignment is unnecessary because an arraignment's main function is to allow a defendant to formally enter a plea, and misdemeanor appellants appear in superior court only after they have already entered a not guilty plea in the district court. Therefore, Gagnon reasons, a superior court arraignment could not have been contemplated by the drafters of the statute. We disagree.

■ An appeal to the superior court from a misdemeanor conviction "vacates that judgment and transfers the whole proceeding to the Superior Court, there to be tried *de novo* on the original complaint, unless amended . . . or on a new information." *State v. Cook*, 96 N.H. 212, 214, 72 A.2d 778, 779 (1950). Thus, all that is left of the case against the defendant is the original or amended charge, with no plea, no conviction, and no sentence attached to it. Although the appealing defendant is quite likely to plead not guilty to the charge in the superior court, thereby making a second arraignment superfluous to many defendants, *see* R. MCNAMARA, 1 NEW HAMPSHIRE PRACTICE, CRIMINAL PRACTICE AND PROCEDURE § 365, at 236 (1980), the mere filing of an appeal is not the equivalent of a not guilty plea. The superior court arraignment gives the defendant a formal setting in which to enter a new plea and ensures that his or her constitutional rights are carefully guarded. *Id.* § 361, at 229.

As noted above, misdemeanor appellants have been arraigned in the superior court for many years. We assume that the legislature had knowledge of this practice when it wrote and amended RSA 625:9, VI (Supp. 1991) and knew how to avoid application of the statute to superior court arraignments if it wanted to do so. *Cf. Brooks v. Padula*, 125 N.H. 668, 671, 485 A.2d 1032, 1034 (1984) (when legislature reenacts statute on which repeated construction has been placed by bench and bar, reenactment constitutes legislative adoption of longstanding construction).

■ Returning to the words of RSA 625:9, VI (Supp. 1991), we hold that "arraignment" refers to either a district court arraignment or a superior court arraignment. Unmodified, the word is not limited to one or the other, and no ambiguity arises merely by its generality. "We will not force language to create an ambiguity in order to resolve it against the [State], when [its meaning] is clear from contextual analysis." *City of Manchester v. General Reinsurance Corp.*, 127 N.H. 806, 809, 508 A.2d 1063, 1065 (1986).

■■ Gagnon nonetheless argues that the superior court's decision is contrary to the statute's legislative history. The history, she maintains, suggests that it was enacted in order to reduce the cost of providing indigent defendants with court-appointed counsel, because a person charged with committing a violation is not entitled to an attorney at public expense. Although our policy is to avoid examination of legislative history where the statute is not ambiguous, *see Merrill v. Great Bay Disposal Serv.*, 125 N.H. 540, 542, 484 A.2d 1101, 1102 (1984), we note briefly that money was saved here because once the misdemeanor charge was reduced to a violation, Gagnon was no longer entitled to a court-appointed attorney. *See* RSA 604-A:2, I (Supp. 1991). While the better practice may be to proceed under RSA 625:9, VI (Supp. 1991) prior to arraignment at the district court, reducing the misdemeanor charge prior to arraignment in superior court was well within the prosecutor's discretion, cost-effective, and not contrary to the supposed purpose of the statute.

■ Gagnon raises a final issue on appeal: assuming that the superior court properly allowed the prosecutor to reduce the misdemeanor charge to a violation, she argues that the court erred in remanding her case to the district court for sentencing only. Because her original conviction was vacated by her appeal to the superior court, Gagnon maintains, there is no conviction remaining on which to base a sentence. The State concedes this issue in its brief. Therefore, we reverse the superior court's decision on this issue. However, we note the superior court has discretion to either retain jurisdiction or remand to the district court for trial.

*Affirmed in part; reversed in part; remanded.*

BROCK, C.J., and BATCHELDER, J., dissented; the others concurred.

BROCK, C.J., dissenting: The majority, denying that the statute is ambiguous, has construed "arraignment," as used in RSA 625:9, VI (Supp. 1991), and the statute itself, to apply in both the superior and district courts. The term "arraignment," however, is neither defined in the statute, nor clear on its face. *Greenhalge v. Town of Dunbarton*, 122 N.H. 1038, 1040, 453 A.2d 1295, 1296 (1982). "When construing an ambiguous statute, this court looks to both the legislative intent and the objectives of the legislation." *Id.* (citation omitted). After reviewing the legislative history, I conclude that paragraph VI of the statute was intended to apply only to district court proceedings; thus, I dissent.

The 1983 legislative history of the House proceedings reveals that the purpose of the bill was to make "several changes in court procedure and jurisdiction designed to ease the burden on the Superior Court and to *reduce the costs of administering justice.*" N.H.H.R. JOUR. 551 (1983) (emphasis added). According to Representative Sytek, the sponsor of the bill, paragraph VI "would eliminate the need to provide that person with an attorney if he is indigent. This would save us money . . . ." Senate Committee on Judiciary, hearings on HB 650-FN (May 26, 1983) (emphasis added). *Compare State v. Cook*, 125 N.H. 452, 457, 481 A.2d 823, 828 (1984) (court need not appoint counsel for indigent charged with violation) *with* RSA 604-A:2, I (indigents charged with misdemeanors must be given opportunity to have court-appointed counsel).

"Where reasonably possible, a statute should be construed to effectuate its underlying policy." *Swiezynski v. Civiello*, 126 N.H. 142, 146, 489 A.2d 634, 637 (1985). A review of the legislative history of RSA 625:9, VI (Supp. 1991) makes it clear that the primary purpose underlying this section of the statute is to avoid the necessity of appointing counsel in certain cases, in order to achieve a more efficient administration of justice.

The State's interpretation of the statute ignores the legislative intent by facilitating a thoroughly inefficient procedure. The procedure the State commends for our approval is one that would permit the State to file a misdemeanor case in the district court, postpone the application of the provisions of RSA 625:9, VI (Supp. 1991), have the court appoint counsel for the indigent defendant, proceed to trial and conviction of the defendant, have that defendant appeal and claim a trial *de novo* in the superior court, and again assign the indigent defendant court-appointed counsel. Then, just prior to trial in the superior court, the State could invoke the provisions of RSA 625:9, VI (Supp. 1991), thereby requiring a "remand" of the case to the district court, where the case originated, for a new trial on the violation charge.

This procedure can hardly be considered an efficient, cost-effective administration of justice as envisioned by the legislature. Clearly the most efficient implementation of the statute would be to require the prosecutor to declare his intentions prior to or at the time the defendant is arraigned in the district court, not, as in this case, after two attorneys have been appointed and one trial completed.

I respectfully dissent.

BATCHELDER, J., joins in the dissent.