Hillsborough-southern judicial district
No. 97-597

### THE STATE OF NEW HAMPSHIRE

v.

### ERIC ANDERSON

July 24, 1998

*Philip T. McLaughlin*, attorney general (*Ann M. Rice*, senior assistant attorney general, on the brief and orally), for the State.

*Behzad Mirhashem*, assistant appellate defender, of Concord, by brief and orally, for the defendant.

HORTON, J. In this interlocutory appeal, *see* SUP. CT. R. 8, the defendant, Eric Anderson, challenges the ruling of the Superior Court (*Brennan*, J.) denying his motion to bar prosecution for attempted criminal trespass on double jeopardy grounds. We affirm and remand.

In October 1996, the defendant was charged with one count of criminal trespass. *See* RSA 635:2 (1996). The complaint alleged that the defendant, on October 12, 1996, did "[k]nowingly enter and remain on the [p]roperty [s]ituated . . . in said Nashua, the said Eric R. Anderson [k]nowing that he was not [l]icensed nor [p]rivileged to do so." During the bench trial in the district court, the defendant argued that there was insufficient evidence to prove that he either entered or remained on the property. Following his conviction in the Nashua District Court (*Gauthier*, J.), the defendant appealed to the superior court for a trial *de novo*. *See* RSA 599:1 (Supp. 1997).

Shortly before the defendant's scheduled trial date, the State sought to substitute a new information charging *attempted* criminal trespass. *See* RSA 629:1 (1996). The information alleged that the attempted trespass took place at exactly the same time and place as the original criminal trespass complaint. The substituted complaint was given a new docket number. The State then *nol prossed* the original complaint. The defendant filed a motion to bar prosecution, arguing that the trial *de novo* should be barred on double jeopardy grounds. The Superior Court (*Brennan*, J.) held that double jeopardy did not bar the prosecution because an appeal to the superior court for a trial *de novo* places a defendant in the same position in which he would have been absent any trial or conviction in the district court. This interlocutory appeal followed.

The question in this case is whether a substituted criminal complaint charging the same offense at the trial *de novo* filed before *nol prossing* the original complaint constitutes an impermissible second prosecution for double jeopardy purposes, so as to preclude prosecution of the new charges. Both the State and the defendant assume that the criminal trespass and attempted criminal trespass charges allege the "same offense" for double jeopardy purposes. For purposes of this appeal only, we will assume the same.

The Double Jeopardy Clauses of the New Hampshire and United States Constitutions protect an accused "against multiple prosecutions and multiple punishments for the same offense." *State*

*v. Fitzgerald*, 137 N.H. 23, 25, 622 A.2d 1245, 1246 (1993); *see* U.S. CONST. amend. V; N.H. CONST. pt. I, art. 16. We consider the defendant's argument first under the State Constitution, *State v. Ball*, 124 N.H. 226, 231, 471 A.2d 347, 350 (1983), relying upon federal decisions only for guidance, *see Fitzgerald*, 137 N.H. at 26, 622 A.2d at 1246. Because on the issue before us federal law provides the defendant no greater protection, we will not undertake a separate federal analysis. *See id.* at 26, 622 A.2d at 1247; *Justices of the Boston Municipal Court v. Lydon*, 466 U.S. 294, 310 (1984).

Incorporated within the Double Jeopardy Clause are three separate guarantees: "It protects against a second prosecution for the same offense after acquittal, against a second prosecution for the same offense after conviction, and against multiple punishments for the same offense." *Lydon*, 466 U.S. at 306-07. The defendant argues that the first two guarantees have been violated. We disagree.

■ The State did not violate the first guarantee because the defendant was convicted, not acquitted, of the charged offense. Although the defendant contends he should have been acquitted at the district court, a defendant who contends that his conviction was obtained with insufficient evidence cannot prevail on a double jeopardy claim at the trial *de novo. State v. Chaisson*, 126 N.H. 323, 325-26, 493 A.2d 1114, 1115-16 (1995). "Although the constitutional guarantee against double jeopardy bars a second trial once an appeals court has determined that a defendant's conviction rests on insufficient evidence, . . . this rule is not applicable to *de novo* trials." *Id.* at 325, 493 A.2d at 1115 (citation omitted).

The defendant argues that the trial court erred by relying upon *State v. Cook*, 96 N.H. 212, 72 A.2d 778 (1950), which the defendant argues conflicts with *Lydon*, 466 U.S. 294. Although the trial court erroneously reasoned that "jeopardy has not attached" because continuing jeopardy does not exist in the *de novo* context, we affirm because the trial court correctly concluded that the defendant's constitutional right not to be subject to double jeopardy was not violated. *Cf. State v. Coppola*, 130 N.H. 148, 153, 536 A.2d 1236, 1239-40 (1987) (no error where admissible hearsay admitted under wrong exception to hearsay rule).

In *Cook*, the defendant was convicted on a complaint of driving under the influence of alcohol in the municipal court. *Cook*, 96 N.H. at 212-13, 72 A.2d at 778. After the defendant appealed to the superior court for a trial *de novo*, the prosecutor *nol prossed* the complaint and substituted an information charging the same offense. *Id.* at 213, 72 A.2d at 778. We held that substituting an

information for the complaint at the trial *de novo* did not subject Cook to double jeopardy because the appeal vacated the judgment in the municipal court. *Id.* at 214, 72 A.2d at 779.

In *Lydon,* despite the defendant's claim of insufficient evidence, the defendant was convicted of possession of burglary tools and sentenced to two years in jail in a first-tier bench trial in Massachusetts. *Lydon,* 466 U.S. at 297. He appealed for a trial *de novo* and moved to dismiss the charge based on lack of evidence at the first trial. *Id.* at 297-98. The United States Supreme Court held that requiring Lydon first to challenge his conviction at the trial *de novo* did not violate double jeopardy. *Id.* at 303. "[T]he Double Jeopardy Clause precludes a second trial once the reviewing court has found the evidence legally insufficient." *Id.* at 306. A trial *de novo* does not constitute an impermissible second trial for double jeopardy purposes, however, when the defendant merely asserts, without judicial determination, that there was insufficient evidence to support the conviction at the first trial. *Id.* at 303; *see Chaisson,* 126 N.H. at 325-26, 493 A.2d at 1115-16. In the *de novo* system, the defendant can avoid an adverse decision from the initial bench trial by appealing for a trial *de novo,* even without allegations of error. "Once the right to a *de novo* trial is exercised, the judgment at the bench trial is 'wiped out.'" *Lydon,* 466 U.S. at 310.

Both *Cook* and *Lydon* assume or acknowledge that jeopardy attaches at the first trial, and that the trial *de novo* is a continuation of the initial proceeding. *See Lydon,* 466 U.S. at 309 (assuming without deciding that jeopardy attached at the bench trial); *Cook,* 96 N.H. at 213, 72 A.2d at 779. Both cases also recognize that the result of the initial proceeding becomes a nullity upon *de novo* appeal. *Lydon,* 466 U.S. at 310; *Cook,* 96 N.H. at 214, 72 A.2d at 779. The appeal "vacates [the] judgment and transfers the whole proceeding to the Superior Court, there to be tried *de novo* on the original complaint, unless amended, or on a new information. The parties stand as though there had been no trial." *Cook,* 96 N.H. at 214, 72 A.2d at 779 (citations omitted). "Thus, all that is left of the case against the defendant is the original or amended charge, with no plea, no conviction, and no sentence attached to it." *State v. Gagnon,* 135 N.H. 217, 220, 600 A.2d 937, 938 (1991). Accordingly, our interpretation of *Lydon* comports with our interpretation of the Double Jeopardy Clause in this case. *See* N.H. CONST. pt. I, art. 16.

Next, the defendant argues that a prosecution on the new complaint after *nol prossing* the original complaint constitutes an impermissible second prosecution for the same offense. The defen-

dant focuses upon the assignment of a new docket number to the new complaint.

■ The State did not violate the second guarantee, a second prosecution after conviction, because *the defendant* chose retrial. A trial *de novo* provides the defendant with a second chance to avoid conviction of the charged crime. A trial *de novo* in superior court

> is a continuation of the original proceeding; its object is to carry the cause to a higher tribunal, to be tried there anew, and a new judgment entered. The effect of the appeal is to vacate, for most purposes, the judgment below; and the judgment rendered in the court above is a distinct and original judgment.

*Cook*, 96 N.H. at 213-14, 72 A.2d at 779 (quotation and ellipses omitted); *see also State v. Green*, 105 N.H. 260, 261, 197 A.2d 204, 205 (1964). Assuming without deciding that the defendant was subject to jeopardy after the bench trial, *see Lydon*, 466 U.S. at 309, the State had outstanding charges against the defendant at all times after jeopardy attached. *Cf. State v. Pond*, 133 N.H. 738, 741, 584 A.2d 770, 771-72 (1990) (concluding that double jeopardy bars reprosecution when State *nol prosses* original complaint after jeopardy attached). In this case, the State substituted the attempted criminal trespass complaint for the criminal trespass complaint *before nol prossing* the criminal trespass complaint. For double jeopardy purposes, a substituted complaint is the functional equivalent of an amendment. In this case, assignment of a new docket number to the substituted complaint does not change the double jeopardy analysis.

"As a general rule any information may be amended at any time before, during, or after trial as long as the amendment does not prejudice the substantial rights of the defendant." *Hegg v. State*, 514 N.E.2d 1061, 1063 (Ind. 1987); *see Cook*, 96 N.H. at 214, 72 A.2d at 779; *cf. State v. Summers*, 142 N.H. 429, 435, 702 A.2d 819, 823 (1997) (acknowledging that State may amend or substitute complaints prior to trial). Because the defendant chose to appeal for a trial *de novo*, the defendant stands as though there had been no conviction. *See State v. Gagnon*, 135 N.H. at 220, 600 A.2d at 938; *Cook*, 96 N.H. at 214, 72 A.2d at 779. Therefore, the Double Jeopardy Clause does not prohibit the State from bringing an amended or substituted complaint against a defendant at a trial *de novo*.

In the *de novo* proceeding, the State properly exercised its prosecutorial discretion and opted to pursue the offense of at-

*tempted* criminal trespass. *Cf. Bokowsky v. State*, 111 N.H. 57, 59, 274 A.2d 785, 786 (1971); *State v. Smith*, 49 N.H. 155, 157 (1870); RSA 629:1.

*Affirmed and remanded.*

BRODERICK, J., sat but did not participate in the decision; the others concurred.