Merrimack
No. 99-312

## MICHAEL HAMMELL

v.

## WARDEN, NEW HAMPSHIRE STATE PRISON

June 27, 2001

*Jenifer Bensinger Ackerman*, assistant appellate defender, of Concord, and *Carl Olson*, assistant appellate defender, of Littleton (*Ms. Ackerman* on the brief, and *Mr. Olsen* orally), for the petitioner.

*Philip T. McLaughlin*, attorney general (*N. William Delker*, assistant attorney general, on the brief and orally), for the State.

HORTON, J., retired, specially assigned under RSA 490:3. The petitioner, Michael Hammell, appeals the denial by the Superior Court (*Smukler*, J.) of his petition for writ of habeas corpus. We affirm.

The trial court found the following facts, which are not disputed on appeal. The petitioner was arrested on April 27, 1996, and later charged in district court with driving while intoxicated, subsequent offense, *see* RSA 265:82 (1993 & Supp. 2000), and driving after being certified a habitual offender, *see* RSA 262:23 (Supp. 2000). The petitioner was bound over to the superior court and indicted on the habitual offender charge. The State entered *nolle prosequi* on the DWI charge in district court and then filed the same charge by information in the superior court. The petitioner was convicted by jury of both charges, sentenced and incarcerated.

The petitioner filed a petition for habeas corpus with the superior court on the grounds, among other things, that the superior court lacked jurisdiction over the DWI charge. The court dismissed the petition and the petitioner appeals.

The petitioner argues that under RSA 502-A:12-a (1997), only the district court, as a regional jury trial court, had jurisdiction to hear his DWI case. The petitioner argues that this statute supersedes and modifies the preexisting jurisdictional scheme governing misdemeanor charges and "establishes exclusive jurisdiction in those regional jury trial courts [designated by the supreme court] to try misdemeanor cases originated there."

"On questions of statutory interpretation, this court is the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole." *In re Justin D.*, 144 N.H. 450, 452 (1999) (quotation omitted). We look first to the "language found in the statute and where possible, we ascribe the plain and ordinary meanings to words used." *Appeal of Astro Spectacular*, 138 N.H. 298, 300 (1994) (quotation and citation omitted). "Furthermore, we interpret statutes in the context of the overall statutory scheme and not in isolation." *Rye Beach Country Club v. Town of Rye*, 143 N.H. 122, 125 (1998). Accordingly, we now examine the statutory scheme governing the respective jurisdictions of the superior and district courts over misdemeanor charges.

Under RSA 592-A:1 (1986), "[t]he superior court has jurisdiction of all criminal cases and proceedings; but it may dismiss a prosecution originally begun therein which is within the jurisdiction of a district or municipal court." District courts, in turn, "have original jurisdiction, subject to appeal, of all crimes and offenses committed within the confines of the district in which such court is located which are punishable by a fine not exceeding $2,000 or imprisonment not exceeding one year, or both." RSA 502-A:11 (1997). Accordingly, under the statutory scheme thus far, district courts have original, but not exclusive, jurisdiction, and the superior court has "concurrent but discretionary jurisdiction with the district . . . courts over misdemeanors." *State v. Blouin*, 110 N.H. 202, 203 (1970).

Prior to 1992, the statutory scheme further provided that a defendant convicted of a misdemeanor in district court had the right to bring, *see* RSA 599:1 (1986) (current version at RSA 599:1 (Supp. 2000)); RSA 502-A:12 (Supp. 1992) (current version at RSA 502-A:12 (1997)), and the superior court had jurisdiction to hear, *see* RSA 592-A:2 (1986), an appeal of that conviction. We have construed these provisions as affording a defendant appealing a conviction in

district court the right to a *de novo* jury trial in the superior court. *See State v. Ring*, 106 N.H. 509, 511 (1965). Thus, we have described this scheme as a "two-tier system . . . by which a person charged with a misdemeanor is tried in the district court without a jury and if found guilty is given the right of appeal to the superior court with a trial de novo by jury unless waived." *State v. Handfield*, 115 N.H. 628, 629 (1975), *cert. denied*, 427 U.S. 909 (1976).

In 1992, the legislature enacted RSA 502-A:12-a, which provides:

> The supreme court shall have the authority to designate one or more district courts to be regional jury trial courts. The region served by said courts shall be determined by the supreme court after due consideration of all relevant factors including: adequacy of present facility, staffing requirements, judicial economy and efficiency, and convenience to the public. Notwithstanding RSA 599, in any region so designated by the supreme court, and in any case where trial by jury is demanded at arraignment or within a time to be determined by rule of court, said trial under this section shall be to the regional jury trial district court and not to the superior court. Questions of law may be appealed therefrom to the supreme court.

In 1995, the legislature amended RSA 599:1 and RSA 502-A:12 to except from their application "cases in district courts served by regional jury trial courts as provided in RSA 502-A:12-a." RSA 599:1 (Supp. 2000); RSA 502-A:12 (1997).

The petitioner argues that RSA 502-A:12-a limits the concurrent jurisdiction over misdemeanor cases that formerly resided in the superior court. He argues this interpretation is compelled by the statute's plain language: "trial under this section *shall* be to the regional jury trial district court and *not to the superior court*." RSA 502-A:12-a (emphasis added). He contends that the trial court erred in allowing the State to circumvent RSA 502-A:12-a by *nol prossing* charges in district court only to bring them again by information in the superior court. Although he concedes that the State has the authority to *nol pros* a charge prior to trial, *see State v. Coolidge*, 109 N.H. 426, 426-27 (1969), and has authority, notwithstanding RSA 502-A:12-a, to bring an original misdemeanor charge in the superior court, *see* RSA 592-A:1, the petitioner argues that "once the State has made the decision to charge a misdemeanor in the regional jury trial session, and that charge has there proceeded through arraign-

ment and jury demand, the plain language of RSA 502-A:12-a requires that jurisdiction over that case remain in that court and not in the superior court." We disagree.

■ The plain language of RSA 502-A:12-a reveals only the purpose of eliminating the *de novo* jury trial in the superior court. The phrase "[n]otwithstanding RSA 599" indicates an intent to supersede the appeal provisions of the preexisting statutory scheme, as RSA chapter 599 deals with, and is in fact entitled, "Appeals From Convictions in Municipal or District Court." RSA ch. 599 (1986 & Supp. 2000). There is no reference to, or conforming amendment of, RSA 592-A:1, which establishes the jurisdiction of the superior court. Rather, conforming amendments were made to RSA 599:1 and RSA 502-A:12, which deal with appeals from district courts to the superior court. We therefore interpret the language, "said trial under this section shall be to the regional jury trial district court and not to the superior court," RSA 502-A:12-a, to mean that when a misdemeanor charge is brought in district court, the defendant will have the jury trial to which he is entitled there, rather than in the superior court on appeal. In other words, RSA 502-A:12-a eliminates both the non-jury trial in district court and the *de novo* appeal to the superior court. In their place, the defendant is afforded a jury trial in district court in the first instance. *Cf. Opinion of the Justices (Misdemeanor Trial De Novo)*, 135 N.H. 549, 551 (1992) (describing regional jury trial pilot program in Rockingham County). Any appeal is then taken directly to the supreme court. *See* RSA 502-A:12-a.

Nothing in this revised statutory scheme suggests an intent to limit the superior court's jurisdiction to try, by jury, a misdemeanor case brought before it in the first instance, and the defendant concedes as much. We fail to see any meaningful distinction between a charge that is first brought in the superior court and one that was originally brought in district court, *nol prossed* and then brought by information in the superior court. In either case, the defendant has not been previously tried and is before the superior court for the one jury trial to which he is entitled. *See generally Opinion of the Justices (Misdemeanor Trial De Novo)*, 135 N.H. at 553 ("Neither the State nor the Federal Constitution guarantees a defendant the privilege of two trials" and a defendant's right to a jury trial "does not include the option to specify where and when the right will be executed.").

Our conclusion is strengthened when we consider that a regional jury trial system in New Hampshire has been promoted as a cost-saving and efficiency-enhancing measure. In *Opinion of the Justices (Misdemeanor Trial De Novo)*, we examined legislation temporarily establishing a regional jury trial pilot program in Rockingham County. *See* Laws 1992, 223:1, IV. We noted that the State interest involved was "reducing State expenditures and delivering justice more efficiently." *Opinion of the Justices (Misdemeanor Trial De Novo)*, 135 N.H. at 553-54. Concurrent original jurisdiction over misdemeanors in the superior court is not inconsistent with that interest, since whether a defendant is tried in a regional jury trial district court or the superior court, he gets only one trial and a direct appeal to the supreme court.

■ The petitioner's interpretation of RSA 502-A:12-a, on the other hand, could produce results contrary to the statute's purpose. After the petitioner's DWI charge was *nol prossed* in the district court, it was brought in the superior court and consolidated with the felony habitual offender charge that arose from the same incident. As the district court lacks jurisdiction over felony cases, the petitioner's interpretation of RSA 502-A:12-a would require the State to prosecute the defendant in separate trials, in different courts, for related misdemeanor and felony charges, at least, according to the petitioner, where the State originally brought the misdemeanor charge in district court. The resulting inefficiency and added expense is readily apparent. Moreover, we perceive in RSA 502-A:12-a no legislative intent to restrict the State's long-recognized authority to *nol pros* a complaint in district court and bring the same charges by information in the superior court. *See State v. Anderson*, 142 N.H. 918, 920, 922 (1998) (substitution of information for *nol prossed* complaint did not violate defendant's rights against double jeopardy). "[W]e will not construe a statute as abrogating the common law unless the statute clearly expresses such an intention." *State v. Hermsdorf*, 135 N.H. 360, 363 (1992) (quotations omitted).

*Affirmed.*

BROCK, C.J., and BRODERICK, NADEAU and DALIANIS, JJ., concurred.