NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Hillsborough-northern judicial district
No. 2012-560


THE STATE OF NEW HAMPSHIRE

v.

OSAHENRUMWEN OJO

Argued: October 10, 2013
Opinion Issued: February 21, 2014


Michael A. Delaney, attorney general (Elizabeth C. Woodcock, assistant attorney general, on the brief and orally), for the State.

Thomas Barnard, assistant appellate defender, of Concord, on the brief and orally, for the defendant.


HICKS, J. The defendant, Osahenrumwen Ojo, appeals his conviction of theft by deception, see RSA 637:4 (2007), following a jury trial in Superior Court (Brown, J.). The conviction followed a previous jury trial, also in Superior Court (Brown, J.), for a related charge, which ended in a mistrial based upon a hung jury. On appeal, he argues that the Double Jeopardy Clause of the New Hampshire Constitution barred the second trial. See N.H. CONST. pt. I, art. 16. We affirm.

The record supports the following facts.  On September 17, 2009, a Hillsborough County grand jury returned an indictment charging the defendant with a single count of theft by deception.  The indictment alleged that the defendant "obtained or exercised control over the property of another by deception and with a purpose to deprive him thereof" by depositing in his Citizens Bank checking account two checks on April 8, 2009, and, the following day, cashing his own check for $6,000 drawn on the account.  One of the checks, issued by the LEAR Corporation, was for $3,975 (the LEAR check).  The second check, issued by Allstate Insurance, was for $1,989.96 (the Allstate check).

The defendant stood trial in February 2012.  After the State rested, he moved to dismiss the indictment based upon insufficient evidence regarding the LEAR check, which the trial court denied.  At a subsequent bench conference involving proposed jury instructions, the State conceded that it had the burden of proving fraud with regard to both checks.  Thus, the trial court instructed the jury that "it's not enough that the State has proven beyond a reasonable doubt that the Defendant's use of one or the other of the checks was unlawful."  Rather, the court instructed, "[t]o find the Defendant guilty, you must unanimously decide that he acted to defraud the bank by his use of both the LEAR check and the Allstate check."  The jury deadlocked, and the court declared a mistrial over the defendant's objection.

On April 20, 2012, the State obtained two substitute indictments, each alleging theft by deception for a single invalid check (the LEAR check and the Allstate check, respectively).  The State then nolle prossed the original indictment.  On June 4, 2012, the Trial Court (Brown, J.) denied the defendant's motion to dismiss both charges, in which he argued that, because the evidence at the first trial was insufficient, retrial would violate his double jeopardy rights.  Nonetheless, at a pretrial motions hearing that same day, the Trial Court (Abramson, J.) dismissed the indictment based upon the LEAR check after the State informed the court that, as to that check, it could not produce any evidence beyond that which it introduced during the first trial.  In June 2012, the defendant stood trial on the indictment based upon the Allstate check, resulting in his conviction of theft by deception.  This appeal followed.

On appeal, the defendant argues that Part I, Article 16 of the New Hampshire Constitution "should be construed to bar retrial where (a) the defendant moved to dismiss the charge based on insufficiency of the evidence, (b) the evidence was legally insufficient, and (c) the court declared a mistrial over the defendant's objection."  See N.H. CONST. pt. I, art. 16.  The issue of double jeopardy presents a question of constitutional law, which we review de novo.  State v. Fischer, 165 N.H. ___, ___ (decided November 26, 2013).  Because the defendant argues only under the State Constitution, we base our

decision upon it alone, citing federal cases for guidance only.  Petition of State of N.H. (State v. Johanson), 156 N.H. 148, 156 (2007).

At the outset, we note that the defendant does not argue that the Double Jeopardy Clause contained in the Federal Constitution, see U.S. CONST. amend. V, bars retrial in this case.  The United States Supreme Court, in Richardson v. United States, 468 U.S. 317 (1984), held that the original jeopardy to which a defendant is subjected does not terminate when a jury deadlocks resulting in a mistrial, and thus a double jeopardy claim that retrial is barred under these circumstances must fail, "[r]egardless of the sufficiency of the evidence at [the defendant's] first trial."  Richardson, 468 U.S. at 326 & n.6.  The defendant argues that we should "decline to adopt Richardson under the State Constitution," and that, instead, we should recognize that a defendant has a valid double jeopardy claim if he has moved to dismiss a charge because of actual insufficiency of the evidence, and the trial court has declared a mistrial over the defendant's objection.

The Double Jeopardy Clause of the New Hampshire Constitution prohibits the State from placing a defendant in jeopardy more than once for the same offense.  State v. Howell, 158 N.H. 717, 719 (2009).  A defendant is placed in jeopardy when a jury is empaneled and sworn, State v. Paquin, 140 N.H. 525, 528 (1995), or, in the case of a bench trial, when the judge begins to hear evidence, State v. Solomon, 157 N.H. 47, 50 (2008).  After jeopardy attaches for a particular offense, it "terminates" — thereby prohibiting retrial for the same offense — upon a judgment of acquittal or conviction, cf. Johanson, 156 N.H. at 156-57, or upon an "unnecessarily . . . declared" mistrial preventing either judgment, Solomon, 157 N.H. at 50 (quotation omitted).  See People v. Carbajal, 298 P.3d 835, 846 (Cal. 2013) (discussing federal law).  A determination, either at trial or on appeal, that the prosecution has presented insufficient evidence on a given charge necessarily amounts to an acquittal — and, thus, termination of jeopardy — on that charge.  See Richardson, 468 U.S. at 325 & n.5; Burks v. United States, 437 U.S. 1, 10-11 (1978); see also State v. Chaisson, 126 N.H. 323, 325 (1985) (noting that this rule is not applicable to de novo trials).

A defendant normally has the right to complete a trial before a "particular tribunal":  either the same chosen jury, in a jury trial; or the same judge, in a bench trial.  Solomon, 157 N.H. at 50.

Such a right exists because the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.

3

Id. (quotation omitted).

The right to complete a trial before a particular tribunal is not absolute, however, and "must in some instances be subordinated to the public's interest in fair trials designed to end in just judgments." Howell, 158 N.H. at 720 (quotation omitted). One such instance occurs when a trial court, "with the greatest caution, under urgent circumstances, and for very plain and obvious causes," declares a mistrial over the objection of the defendant. Solomon, 157 N.H. at 50-51 (quotation omitted). The Double Jeopardy Clause does not bar retrial after a mistrial when the defendant "consents to the mistrial, or, if he objects, upon a finding of the trial court that there is manifest necessity for the act, or that the ends of public justice would otherwise be defeated." Howell, 158 N.H. at 720 (quotation omitted). Under these circumstances, jeopardy does not terminate but instead continues. See State v. Liakos, 142 N.H. 726, 730 (1998) (holding that "in this case . . . the failure of a jury to reach a verdict did not terminate jeopardy, but rather results in continuing jeopardy" on deadlocked charge (citation omitted)); see also Johanson, 156 N.H. at 157 ("[T]he conclusion that jeopardy has attached begins, rather than ends, the inquiry. Thus, we must take a further step and ask whether the trial court terminated jeopardy in a way that prevents reprosecution." (quotations and citation omitted)).

Although manifest necessity "is not susceptible to precise categorization," Howell, 158 N.H. at 721, we have noted that "a hung or deadlocked jury has been understood to present a classic occasion of [manifest] necessity, understood as a high degree of need to allow the public one full and fair opportunity to try the defendant." State v. Hartford, 132 N.H. 580, 584 (1989) (quotation and citations omitted) (holding, under the Double Jeopardy Clause of the Federal Constitution, that manifest necessity existed to declare a mistrial based upon a genuinely deadlocked jury). When there has been a genuine deadlock, "the jury deadlock itself create[s] a manifest necessity." State v. Kornbrekke, 156 N.H. 821, 830 (2008) (holding, under the Double Jeopardy Clauses of the State and Federal Constitutions, that "the record supports a declaration of a mistrial based upon jury deadlock, and, thus, by manifest necessity, which prevents original jeopardy from terminating on that charge" (quotation and citation omitted)); see also Hartford, 132 N.H. at 585 (holding that the trial court had before it evidence of genuine deadlock and "thus satisfied both the procedural and substantive predicates of a reasonable exercise of discretion to find manifest necessity to discharge").

The defendant, however, asks us to hold that manifest necessity "does not exist where the deadlock is based on legally insufficient evidence." Noting that "[a]ll possible alternatives to a mistrial must be considered, employed and found wanting before declaration of a mistrial over the defendant's objection is

4

justified," State v. Pugliese, 120 N.H. 728, 730 (1980); see also Howell, 158 N.H. at 720 ("A trial court must . . . take all circumstances into account, and should allow counsel to comment as well as consider alternatives before declaring a mistrial."), the defendant argues that dismissing the case under these circumstances was not only a "possible alternative" to mistrial but also a "legal requirement." Alternatively, the defendant asks us to hold that a declaration of mistrial over the defendant's objection, after a jury has deadlocked in a case in which the State put on insufficient evidence, "constitutes the equivalent of an acquittal." Under either proposed rule, the defendant argues that jeopardy terminated upon the declaration of a mistrial in this case, therefore barring retrial.

The defendant makes a number of arguments — based upon policy considerations, holdings in two other jurisdictions, a partial concurrence filed in Richardson, and our own opinions — as to why we should adopt either proposed double jeopardy rule. Having considered these arguments, we are not persuaded to adopt either rule.

Absent a determination of insufficiency, a declaration of a mistrial based upon a genuinely deadlocked jury, which we have held constitutes manifest necessity, see Kornbrekke, 156 N.H. at 830; see also Hartford, 132 N.H. at 585, "is not an event that terminates the original jeopardy," Richardson, 468 U.S. at 326; see also Liakos, 142 N.H. at 730; State v. Nickles, 144 N.H. 673, 677-78 (2000). This rule addresses the "high degree of need to allow the public one full and fair opportunity to try the defendant." Hartford, 132 N.H. at 584 (quotation and citation omitted); see Richardson, 468 U.S. at 324 ("Without exception, the courts have held that the trial judge may discharge a genuinely deadlocked jury and require the defendant to submit to a second trial. This rule accords recognition to society's interest in giving the prosecution one complete opportunity to convict those who have violated its laws." (emphasis added) (quotation and brackets omitted)).

Accordingly, we conclude that jeopardy did not terminate on the charge based upon the Allstate check prior to the defendant's retrial on that charge. Although the trial court dismissed the indictment based upon the LEAR check, it did not determine that the State had produced insufficient evidence with regard to the Allstate check. Thus, jeopardy did not terminate prior to the second trial. Cf. Burks, 437 U.S. at 10-11; Chaisson, 126 N.H. at 325.

Finally, the defendant does not dispute on appeal that his jury was genuinely deadlocked. Because the trial court declared a mistrial based upon a genuinely deadlocked jury, and thus there was manifest necessity to discharge the jury, see Kornbrekke, 156 N.H. at 830; see also Hartford, 132 N.H. at 585, jeopardy did not terminate upon the court's declaration, "[r]egardless of the sufficiency of the evidence at [the defendant's] first trial," Richardson, 468 U.S.

5

at 326.  Therefore, we hold that double jeopardy did not bar retrial.  See id.; Kornbrekke, 156 N.H. at 830.

Affirmed.

DALIANIS, C.J., and CONBOY, LYNN and BASSETT, JJ., concurred.